THE JACKSONVILLE STREET RAILROAD COMPANY, PLAINTIFF IN ERROR, VS. R. J. WALTON AND MAR-GARET E. WALTON, DEFENDANTS IN ERROR.

Writ of Error to the Circuit Court for Duval County.

Motion to strike bill of exceptions.

Appellate Practice—Bills of Exception, how prepared—Striking parts or the whole of Bills of Exception—Matter erased from Bill before Judge's Signature—Care to be used in Certifying —Reference to Evidentiary Bill to test substantial make up of Bill proper.

1.    Where the Circuit Judge before certifying and signing a bill of exceptions strikes or erases matter therefrom, such erased or stricken matter forms no part of such bill, and it should be omitted by the clerk in copying such bill into the transcript of the record on writ of error.

2.    Where a bill of exceptions is regularly incorporated in a tran-script of record that is properly certified by the clerk below to contain a true and correct copy of such "papers and pro-ceedings in said cause as appears upon the records and files of his office," in the absence of any proper showing to the con-trary, it is sufficient evidence of the fact that such bill of excep-tions was filed with the clerk below.

3.    The duty devolves upon the plaintiff in error or his counsel upon resort to an appellate court to make the errors com-

plained of clearly to appear, if they in truth exist, by a proper record of all the facts and circumstances pertinent to, and connected with, such alleged error, but in exhibiting them the duty likewise devolves upon him to exhibit all such facts and circumstances fairly and truly. And when such matters are exhibited by a bill of exceptions, the duty likewise devolves upon the trial judge to see to it carefully, before giving such bill authenticity by his signature and certificate, that it does fairly, fully, truly and justly set forth the matters exhibited thereby exactly as they transpired at the trial, and this duty is emphasized when it is remembered that a bill of exceptions depends for its authenticity upon the certification and signature thereof by the trial judge, and that when so certified and signed it imports to an appellate court absolute verity, and can not be altered, amended, averred against or impeached in the appellate court by anything *dehors* the certified record.

4.    An *evidentiary bill of exceptions*, that should contain *all the evidence, but nothing besides the evidence,* in the case, was designed for the purpose of entirely separating for appellate review the question of the *sufficiency of the evidence to support the verdict,* when presented by an appropriate assignment of error, from all other questions raised by any other assignment of error; and, too, for the purpose of determining whether, in view of the whole evidence in the case exhibited thereby, any error found is harmless. The bill of exceptions proper was designed to exhibit all other questions *in pais* than the sufficiency of the evidence to support the virdict, and should in and of itself, without reference to the evidentiary bill, fully, fairly and truly exhibit all pertinent matters necessary to the proper consideration and adjudication of the different assignments of error thereby expected to be maintained. The *bill of exceptions proper* will never be resorted to to test the question of the sufficiency of the evidence to support the verdict, that question being exclusively confined to a consideration of *the whole evidence as set forth and exhibited in and by the evidentiary bill,* regardless of such parts or portions of the evidence as may be exhibited in the bill of exceptions proper for the *expose* therein of other questions assigned as error. While this is the distinctive office of said two respective bills of exception, that will in every case govern and guide the appellate court in the *final consideration of cases on their merits,* and while the court upon such *final consideration* will not refer from one of such bills of exception to the other in aid of, explanatory of, or to supplement, or to impeach any matter or question that, under the rules, properly belongs exclusively to either, except to determine from the evidentiary bill whether any error found is harmless; yet on a *preliminary motion,* seasonably made, *directly to test the question of compliance with the rules in the make-up of the bill of exceptions proper,* the court, for the pur-

pose of determining such question, will resort to the evidentiary bill, as part of the whole authenticated record in the case, when it is urged that such evidentiary bill will disclose the fact that the bill of exceptions proper has been made up in its substance in patent violation of the rules, and in such manner as to make that appear to be error which may not be error were the proper matters set forth in such bill that the rules contemplate it should contain, and that have been omitted therefrom and such evidentiary bill shows could with truth and propriety have been included therein. And upon such preliminary motion the court will not strike out the whole or any part of the bill of exceptions proper, when there are other questions properly presented thereby for adjudication, but upon such motion will adjudge in advance that it will not consider on the final determination of the case, any assignment of error founded upon matter thus improperly set forth. (Carter, J., dissenting).

5.  The well-established rule is that every charge given by the court to the jury must be predicated upon some testimony adduced in the case tending to support the *facts hypothesised in such charge.* The design of the rules adopted for the preparation of bills of exception proper in requiring a statement of the evidence, or what the evidence tended to prove in connection with the charge predicated on such evidence, was not for the purpose of testing the truth of such evidence, or as a test of the weight or preponderance of evidence, but solely for the purpose of disclosing to the appellate court whether or not the above well-settled rule had been observed by the trial judge in his charges of the law of the case to the jury, *viz:* whether the charges given, or requested and refused, were or were not *predicated on sufficient evidence adduced in the case.* All that the rules contemplate or require in the exposition of the evidence upon which charges were predicated is that the bill of exceptions proper shall correctly state, in connection with every charge that hypothesises any given state of facts, the evidence actually adduced in the case *that tends to establish the particular state of facts hypothesised in such charge,* and this in as concise form as is compatible with a just, fair and complete test of the proposition as to whether or not such charge was warranted by the facts adduced in evidence. The testimony adduced in rebuttal or impeachment of the evidence upon which any charge was predicated has no place in the exposition in the bill of exceptions of the evidence upon which such charge was actually predicated; neither should evidence be stated in connection therewith that is wholly foreign to the state of facts *hypothesised in the given charge.* If a charge is given, or requested and refused, by a judge that hypothesises a state of facts or a statement of fact that there was no testimony tending to prove, the fact should be stated in the bill of exceptions that there

was no evidence adduced tending to prove the state of facts or fact hypothesised in such charge; or, if there is difference of opinion as between counsel and the judge as to the true tendency of the proof conceived to be supportive of any such charge, the particular evidence itself thus conceived to be supportive thereof should be stated in the bill of exceptions, so that the appellate court may determine the applicability of the charge to the proofs thought to be insustenance of it.

6. The rules contemplate that in making up bills of exception based upon the admission or rejection of evidence, where the evidence admitted or rejected, forming the subject of the exception does not in and of itself show upon its face its pertinency and relevancy to the issue being tried, and there is other evidence either admitted, or proffered and rejected, that will connect it with the case and show its relevance and pertinence, such other connecting evidence should be set forth in the bill of exceptions so as to enable the appellate court fully and fairly to pass upon the propriety or impropriety of the admission or rejection thereof.

Motions to strike bill of exceptions and specified parts thereof denied.

The facts in the case are stated in the opinion of the court.

*Alex St. Clair-Abrams*, for the Motion.

*John E. Hartridge & J. B. Whitfield*, Contra.

TAYLOR, C. J.:

In the transcript of the record brought here by writ of error from the Circuit Court of Duval county in this cause there are two bills of exceptions, the bill of exceptions proper and an evidentiary bill of exceptions. The defendants in error now make two motions, both aimed at the bill of exceptions proper. The first of these motions asks that the entire bill of exceptions be stricken from the record, on the grounds:

Ist. That it is not a true and correct copy of the bill of exceptions signed by the Circuit Judge.

2nd. Because it does not conform to special rule 3 of the rules of the Supreme Court for the preparation of the bill of exceptions.

3rd. Because the statement of testimony in said bill of exceptions upon which the 1st, 3rd, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, 21st, 23rd, 24th and 25th charges were predicted is not confined to the substance of such portion of the proof only as were pertinent to the charges, as required by the rule, but contain statements of evidence not pertinent to the charge, and upon which said charges were not predicated, and in many instances omits entirely to state the evidence upon which said charges were predicated.

4th. Because the statement of testimony in said bill of exceptions upon which the 26th, 27th, 28th, 29th, 30th and 31st charges were predicated does not comply with the rules of the Supreme Court, in that said statements do not contain the evidence at all upon which said charges were predicated, but contain statements of evidence upon which other and different charges were predicated.

5th. Because the statements of testimony upon which the several charges were predicated are in conflict with rules of the Supreme Court, in that they attempt to give a summary of all the testimony applicable to all the charges, and are not confined only to the proof upon which the particular charge was predicated as required by the rules.

6th. Because said bill of exceptions is in conflict with the rules of the Supreme Court, in that after setting forth the testimony upon which each charge was predicated, the bill of exceptions purports to give a summary of the testimony offered by the plaintiff in error tending

to disprove the testimony offered by defendant in error in the court below, and such statements being in conflict with the rules and not applicable to bills of exception.

7th. Because it does not appear from the record that the bill of exceptions has ever been filed.

The second of these motions asks, *seriatim*, that each of the charges given at the request of the plaintiffs below, and numbered 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22, be stricken from the bill of exceptions, together with the statement of testimony on which said charges were, respectively, predicated, and the statement under each of said charges of what the testimony of the plaintiff in error tended to prove, because such statements of testimony, respectively, do not comply with the rules of the Supreme Court, and do not correctly state the testimony upon which the said charges were respectively predicated. And to strike from the bill of exceptions, *seriatim*, the charges numbered respectively 26th, 27th, 28th, 29th, 30th and 31st, together with the statements of evidence upon which said charges purport, respectively, to have been predicated, and the statement in connection therewith of what the testimony on behalf of the plaintiff in error tended to prove, because said statements of evidence do not contain any part of the evidence upon which said last mentioned charges were, respectively, predicated.

The first ground of the first of these motions, asserting that the bill of exceptions as contained in the transcript of the record is not a true and correct copy of the original as signed by the Circuit Judge, is sought to be sustained by an exhibition here, by special order of the Circuit Judge, of the original bill of exceptions.

Upon an inspection of the original bill so before us it appears that at the conclusion of the statement of what the evidence proved or tended to prove under charges excepted to the following appeared: "This is the substance of all the testimony tending to support this charge;" but which entries were erased with pen and ink by the judge before signing the bill. The contention of the mover is that these statements or matters thus erased should have been included in the transcript in their erased condition so as to exhibit the fact of their erasure, and because of the fact that the transcript fails to exhibit such erased matter the contention is made that it is not a true copy of the original. This contention cannot be sustained. Matters purposely erased from a bill of exceptions by the Circuit Judge before he gives it authenticity by affixing thereto his certificate over his hand and seal do not become any part of such authenticated bill. The bare fact that the judge strikes them out from the bill, before lending to it the verity and authenticity that his certificate imparts to the contents of such bill, is conclusive evidence that such stricken matter is not intended to be verified as true, or as forming any part of the matter contained in such bill that is verified by such certification. The clerk of the court in copying such bill into the transcript of the record acted properly in omitting such erased or stricken matter, as it formed no part of the record to be certified to this court for review, and this court can look alone to the certified matter of the bill to ascertain its meaning.

Another ground of the first motion that we will have to dispose of as a preliminary question is, that it does not appear from the transcript of the record that the bill of exceptions has ever been filed with the clerk of the court below. It is true that the transcript does

not contain any recital or express statement of the fact that the bill of exceptions incorporated therein was filed below, but it is regularly incorporated in its proper place in the transcript, and the written directions to the clerk for making such transcript expressly directs its inclusion therein, and the certificate of the clerk to such transcript states that it includes "a true and correct recital and copy of all such papers and proceedings in said cause as appears upon the *record and files of his office*." While it would be better for the transcript expressly to show the fact and date of the filing of the bill of exceptions, yet we think that when such a bill, as in this case, is actually incorporated into a transcript and such transcript is properly certified to contain true and correct copies of the papers and proceedings as *appear upon the records and files of the office* of the clerk making such certificate, in the absence of any proper showing to the contrary, that it cannot be successfully said that there is no evidence that such bill has ever been filed.

The remaining grounds of the first motion, seeking to strike the entire bill of exceptions, are that said bill in stating the evidence upon which divers charges were predicated violates the rules in not confining such statements of evidence to such portions only of the proofs as were pertinent to said charges, respectively, and upon which alone they were, respectively, predicated, but goes further, and unnecessarily gives in connection therewith other evidence introduced to disprove or rebut the evidence upon which such charges were, respectively, predicated. And because such bill of exceptions violates the rules, in that in its exhibition of divers other charges excepted to and assigned as error, it fails entirely to give any evidence at all upon which such charges were respectively predicated, but gives other evidence entirely

foreign to the subject-matter of such charges, that was pertinent to other distinct charges upon other propositions. The bill of exceptions proper in this case upon its face, in so far as mere *matter of form* is concerned, appears to have been prepared in compliance with the provisions of the rules, but the substance of the matter therein thus formally exhibited is now questioned by these direct motions addressed to the court, and the entire record in the case before us is appealed to to sustain the contention that the bill of exceptions contained in such record has not been made up in compliance with the rules, in that it does not fairly exhibit matters that it could with propriety and should have exhibited, but that it unfairly connects matters existent in the case that are wholly foreign to each other for the purposes of proper exhibition in a bill of exceptions. The duty devolves upon the plaintiff in error or his counsel upon resort to an appellate court to make the errors complained of clearly to appear, if they in truth exist, by a proper record of all the facts and circumstances pertinent to and connected with such alleged error, but in exhibiting them the duty likewise devolves upon him to exhibit such facts and circumstances fairly and truly. The complaint of these motions is that this duty has not been performed in this case; but, on the contrary, that various alleged errors have been unfairly and untruly exhibited in the record brought here for review, and that this assertion is fully evidenced by other parts of the record, *viz*: by the evidentiary bill of exceptions. This brings us to the inquiry whether, under the design of our present rules of practice prescribed for the preparation of bills of exceptions and transcripts of records in civil causes, and under the construction put upon such rules in our former adjudications, resort can properly be had

to the evidentiary bill of exceptions to test the question
presented by these motions as to whether the bill of ex-
ceptions proper has been made up in conformity to the
rules by being made to contain, in its substance, those
matters that the rules contemplate that it should con-
tain, and as to whether substantial matters that it could
with propriety and should have contained have been
omitted therefrom.    As was said in effect in the case of
Allen v. Lewis, 38 Fla. 115, 20 South Rep. 821, the pur-
pose of special rule 1, for the preparation of bills of ex-
ceptions and transcripts of record in civil causes, in pro-
viding for two separate and distinct bills of exceptions,
*viz*: the bill of exceptions proper and an evidentiary bill,
was for the purpose of entirely separating for appellate
review the question of the *sufficiency of the evidence to
support the verdict,* when presented by an appropriate as-
signment of error, from all other questions raised by any
other assignment of error, and to confine its solution
*strictly and solely* to the evidence adduced in the case to
be exhibited, when such question is present, in an evi-
dentiary bill that shall contain all the evidence, but noth-
ing besides the evidence, adduced.    The bill of excep-
tions proper was designed to exhibit all other questions
*in pais* than the sufficiency of the evidence to
support the verdict, and should in and of itself,
without reference to the evidentiary bill, fully,
fairly and truly exhibit all pertinent matters nec-
essary to the proper consideration and adjudication
of the different assignments of error thereby
expected to be maintained.    And it may be said here
that the *bill of exceptions proper* will never be resorted to
to test the question of the sufficiency of the evidence to
support the verdict, that question being exclusively con-
fined to a consideration of *the whole* evidence *as set forth*

*and exhibited in and by the evidentiary bill,* regardless of such parts or portions of the evidence as may be exhibited in the bill proper for the proper expose therein of other questions assigned as error.   But while this is the distinctive office of said two respective bills of exceptions, that will in every case govern and guide the appellate court in the *final consideration* of cases *on their merits,* and while the court upon such *final consideration* will not refer from one of such bills of exception to the other in aid of, explanatory of, or to supplement or to impeach any matter or question that, under the rules, properly belongs exclusively to either, except to determine from the evidentiary bill whether any error found is harmless, yet, on a preliminary motion, like the present, *made directly to test the question of compliance with the rules in the make-up of the bill of exceptions proper,* the court, for the purpose of determining such question will refer to the evidentiary bill, as part of the whole authenticated record in the case, when, as in the present case, it is urged that such evidentiary bill will disclose the fact that the bill of exceptions proper has been made up in its substance, in patent violation of the rules, and in such manner as to make that appear to be error which may not be error were the proper matters set forth in such bill that the rules contemplated it should contain and that have been omitted therefrom, and that such evidentiary bill shows could with truth and propriety have been included therein.

Recurring now to the assault made upon the bill of exceptions proper, we find that in its statements of the evidence upon which the charges given at the request of the plaintiffs below, and excepted to by the defendant from number one to number twenty-five, both inclusive, were predicated, it not only states the evidence

upon which such charges were predicated, but unnecessarily goes further and states in addition the evidence adduced by the defendant below to rebut or disprove the evidence upon which the charges were predicated. According to the well-established rule, every charge given by the court to the jury must be predicated upon some testimony adduced in the case tending to support the *facts hypothesised in such charge.* The design of the rules for the making up of bills of exception proper in requiring a statement of the evidence, or what the evidence tended to prove in connection with the charge predicated on such evidence, was not for the purpose of testing the truth of such evidence, or as a test of the weight or preponderance of evidence, but solely for the purpose of disclosing to the appellate court whether or not the above well-settled rule had been observed by the trial judge in his charges of the law of the case to the jury, *viz*: whether the charges given, or requested and refused, were or were not *predicated on sufficient evidence adduced in the case.* All that the rules contemplate or require in the exposition of the evidence upon which charges were predicated is that the bill of exceptions' proper shall correctly state, in connection with every charge that hypothesises any given state of facts, the evidence actually adduced in the case *that tends to establish the particular state of facts hypothesised in such charge,* and this in as concise form as is compatible with a just, fair and complete test of the proposition as to whether or not such charge was warranted by the facts adduced in evidence. The evidence adduced in rebuttal or impeachment of the evidence upon which any charge was predicated has no place in the exposition in the bill of exceptions of the evidence upon which such charge was actually predicated, neither should evidence be

stated in connection therewith that is wholly foreign to
the state of facts *hypothesised in the given charge*.   If a
charge is given by a judge that hypothesises a state of
facts or a statement of fact that there has been no testi-
mony tending to prove, the fact should be stated in the
bill of exceptions that there was no evidence adduced
tending to prove the state of facts or fact hypothesised
in such charge, or, if there is difference of opinion as
between counsel and the judge as to the true tendency
of the proof conceived to be supportive of any charge
given, or requested and refused, the particular evidence
itself thus conceived to be supportive thereof should be
stated, so that the appellate court may determine the
applicability of the charge to the proofs thought to be
in sustenance of it.   But while the bill of exceptions
transgresses the rule  in  its  statement of the evidence
upon which the charges were predicated numbered from
one to twenty-five, both inclusive, given at the request of
the plaintiffs below, and also as to the plaintiffs' charge
numbered twenty-nine, in that such statements are too
prolix, and more particularly in that, besides giving the
evidence upon which said charges were in fact pred-
icated, they unnecessarily give the testimony adduced in
rebuttal or impeachment of such evidence, yet we think
it would be too harsh and rigid an enforcement of the
rules, in the absence of anything tending to show that
such transgression was wilful or intentional, to either
strike the entire bill of exceptions, or to strike or refuse
to consider the particular matters affected by such trans-
gression, which  consists, with  reference to  the named
charges, in the bill of exceptions having stated *more* than
the rules required or than was necessary to a just and
full determination of the law of the matters involved
therein.   But besides this, we have held, in effect, in the

case of Allen v. Lewis, *supra*, that, upon motions of this kind, we would not strike out either the whole or any part of a bill of exceptions because of its irregular or incomplete presentation of *some* of the questions thereby sought to be exhibited for review, when there are also other questions regularly and completely presented by such bill for review, but that this court, instead of striking such bill of exceptions or parts thereof, in such a case, would upon the final adjudication of the cause simply disregard and abstain from considering questions thus improperly or incompletely presented.    The bill of exceptions in this case does present some questions so that they can properly be reviewed; therefore, the first motion to strike the entire bill of exceptions must be denied.

The three following charges numbered respectively 26, 27 and 28 were given, as shown by the bill of exceptions, at the request of the plaintiffs below, were severally expected to by the defendant below and  are   assigned as error:

26th. "If, after considering the evidence, you arrive at the conclusion that the plaintiff, Margaret E. Walton, is entitled to damages from the defendant for the injuries she sustained, you have a right to consider the extent of such injuries and whether or not they are calculated to be permanent in their effect.   If you believe from the evidence that her injuries were such as required the amputation of one of her legs below the knee, then you have a right to conclude that such injuries will permanently cripple her for life, and have also the right to consider to what extent it has impaired her capacity for performing her  household  duties, and whether or not it has impaired her capacity for the care of her children.    You have also the right to consider the

pain and suffering she has endured as a result of such injuries. You have also the right to consider her age, condition of health, and her life probabilities; you have also the right to consider the character of the act of negligence complained of, and, after considering all these facts, give to her such damages as will fairly compensate her for the injuries she has sustained, and suffering she has been called upon to endure, by the negligence of the defendant."

27th. "Under the laws of the State in cases of this kind the husband of a married woman who is necessarily joined as co-plaintiff has the right to add claims of his own for an injury done to his wife, and in case the husband claims damages for injuries done to him by reason of the loss of his wife's society and services. You have a right in considering your verdict to take into consideration to what extent the injuries inflicted upon the plaintiff, Margaret E. Walton, has deprived her husband of her companionship and services; whether or not such injuries impair her capacity for the proper performance of her household duties and deprive her husband of her proper and efficient services and of her usefulness as a helpmate, and whether or not such impairment is of a temporary character, or must necessarily exist during the lifetime of the wife. If you believe that such impairment exists for life, you have a right to take the fact into consideration in rendering your verdict. You have also the right to consider what expenses the husband has incurred in the shape of medical services, and also such additional expenses as are set forth in the declaration rendered necessary by reason of the injuries inflicted on the wife in making up your verdict in favor of the husband, if you believe from the evidence that he is entitled to damages."

28th. "The husband is entitled to his wife's society in the same condition of health as she was when the negligence of another impaired her health, strength and usefulness as a helpmate to him, and any diminution of her capacity for usefulness and aid and comfort as a wife constitutes a basis for consideration for damages, and if you believe from the evidence that the negligence of the defendant was the proximate cause of the injuries inflicted on the plaintiff, you have the right to consider to what extent her injuries have impaired her usefulness, aid and comfort to her husband in estimating the damages to which the plaintiffs are entitled."

In connection with and following after each one of these three charges is the following statement of evidence that the bill of exceptions asserts to be the evidence upon which *each* of said charges was predicated: "When the street car came to the track of the F., C. & P. R. R. Company, there was a train on the railroad track, and the street car stopped and went on. An engine was on the railroad track and moving when first seen. There was further testimony upon the part of the plaintiffs tending to prove that the locomotive was standing up the street a little piece at the time Mrs. Walton was on the ground. There was further testimony upon the part of the plaintiffs tending to prove that the street car jerked up suddenly at the crossing, stopped an instant and then went across the track, and as it moved, the plaintiff, Margaret E. Walton, fell, and that the car stopped just across the first rail of the first track. There was further testimony upon the part of the plaintiffs tending to prove that as the street cars are nearing the railroad track it is customary to stop still, but it seemed this one did not, but dragged slowly over the track, and that the engine was very near and was

coming up into the car, and that some one said to jump, and some one not to jump, and that the plaintiff, Margaret E. Walton, jumped, and that it is not certain whether the car came to a stop before crossing the railroad track; and it seemed that the car stopped such a short time and went so slowly over the track that it did not seem to stop; and that the engine was about twenty feet away when first seen, and that it moved before the accident; that it is not definite that the street car was on the railroad track, but it was near the rails and it was time to be afraid.    And there was further testimony upon the part of the plaintiffs tending to prove that a person opposite the engine house on Bay street noticed the street car coming and heard the engine bell ringing, and the engine seemed to be switching, and the car went ahead with a jerk, and when first seen appeared to be moving, and the passengers on the car jumped up. And there was further testimony on the part of the plaintiffs tending to prove that the street car was going from west to east, and, coming to the railroad track before the car stopped, ran half way across the railroad track and then made a halt, and that at that time the locomotive was standing on the F., C. & P. track, and looked like it was going to knock the street car off the track, and that one passenger beside the plaintiff, Margaret E. Walton, jumped up.   There was further testimony upon the part of the plaintiffs tending to prove that the plaintiff, Margaret E. Walton, was a passenger on the East Jacksonville car, and when the car got to the F., C. & P. crossing it did not stop until it got on the track, and then the motorman put on the brake and looked around, and that the engine bell was ringing, and when the car stopped, the plaintiff, Margaret E. Walton, saw the engine backing

and thought there would be a collision, and attempted to get off the car while the car was on the crossing; that the engine was backing towards the car, and that the plaintiff, Margaret E. Walton, when falling, saw the engine backing; that at the intersection of the street car and railroad tracks the view is plain, everything perfectly open, and the motorman could have seen the engine if he had looked, and he was on an open platform on the front of the car; that the passengers arose to their feet and Margaret E. Walton put her left foot on the step, and the conductor said to go ahead, and the car started with a rush and threw the plaintiff, Margaret E. Walton, under the street car. There was other and further testimony upon the part of the defendant tending to prove that the street car did stop before starting across the railroad track; and that the engine did not move until after the accident; that the street car did not stop on the railroad crossing; that the plaintiff, Margaret E. Walton, jumped from the street car while it was in motion; that there was no condition of peril created, and that the conditions were not such as to arouse fear in the mind of an ordinarily prudent and reasonable person; and that when the car started to cross the track the engine was not moving."

It will be observed that these charges are upon the measure of damages to persons occupying the relationship of husband and wife, accruing to each, when suing jointly for personal injuries sustained by the wife through the defendant's alleged negligence, and by reference to the statement of evidence purporting to be that upon which each of them was predicated it will readily be seen that it is an entire misfit, the evidence given being confined to a detail of the circumstances of the occurrence that tend to establish the *negligence* com-

plained of, without one word of evidence to show that any *damage* was sustained by such negligence, nor its extent, nor by whom it was sustained. So foreign is this evidence to the facts hypothesised in these three charges, that were this court at liberty to consider them only in the light of such evidence as stated in the bill of exceptions proper, we would be compelled to declare that their giving was error, upon the ground that there was no evidence in the case upon which any such charges could have been predicated. But by referring, for the purposes of these motions, to the evidentiary bill, we find that there was an abundance of evidence upon which they could have been predicated, which, had it been properly stated in the bill in connection with such charges, as contemplated and required by the rules, would have relieved them of the apparently fatal defect of having been given without evidence to support them. The rules never were designed to bring about any such unjust result. The result is that in so far as the assignments of error are concerned that are predicated upon the giving of these three charges (26, 27 and 28), we must adjudge that they are not exhibited to us in such compliance with the rules as that, upon the final determination of the case, we can consider them or pass upon their propriety or impropriety, and we do now so adjudge and declare.

The 30th and 31st charges given at the plaintiffs' request are as follows:

30th. "A case of this kind is not decided on any question of reasonable doubt, but upon a preponderance of evidence. By preponderance of evidence is not meant the side which produces the greatest number of witnesses, but upon the weight of the testimony, regard-

less of the number of the witnesses who have testified on either side."

31st. "You are the sole judges of the weight of the testimony and the credibility of the witnesses. You have the right to reject the evidence of any witness if you regard it as unreasonable and as in conflict with other evidence that you believe to be true. You have a right to consider the animus of the witnesses, and interest they may have in the result, and to determine the correctness of their evidence by comparing it with all the facts and circumstances detailed by other witnesses which you believe to be true, and if you believe that the testimony of any witness has been rebutted or shown to be incorrect on material points, you have a right to reject the whole of the evidence of such witness."

The bill of exceptions sets out under each of these two charges substantially the same statement of evidence as above set forth in connection with charges numbers 26, 27 and 28, and asserts that they were both predicated upon such testimony. Neither of these two charges hypothesized any state of facts or statement of fact, but both of them announced abstract propositions of law that were not dependent for their propriety or appropriateness upon any particular state of facts or fact, and it was not necessary, therefore, to their proper review by an appellate court that any evidence should have been set forth as being the groundwork thereof, and in the ultimate consideration of the case this court will ignore, as surplusage, the inappropriate statement of evidence purporting to have formed their predicate.

In the investigation of the questions presented by the two motions discussed we find another assignment of error so imperfectly exhibited in the bill of exceptions proper that we will have to refuse to consider it on

the ultimate determination of the case. It comprises the second assignment of error and is exhibited in the bill of exceptions proper as follows: "And the plaintiffs to maintain the issues on their behalf then and there produced as a witness Dr. Henry Bacon, and offered to prove by him that a second operation would be necessary upon the limb of Margaret E. Walton, and that there was irritability in the amputated limb, and that if it continued another operation would be necessary. But to the admission of said matters so offered to be proven the defendant did then and there object on the ground that it was simply conjecture, and that there was no such allegation of damages in the declaration. But the said judge did then and there overrule said objection and admitted said evidence, to which ruling the defendant then and there excepted." The proffer and admission of the isolated fact of a second amputation of the plaintiff's limb without any statement of other facts connecting it with and making it pertinent to the case on trial, such as the fact that the plaintiff's limb was so crushed by the defendant's car as to make its *first* amputation necessary, and possibly such further *second* amputation of the same injured limb, savors very strongly of error upon its face, on the ground of irrelevancy and impertinence, but by reference to the evidentiary bill we find that there was testimony which, had it been properly stated in the bill of exceptions proper, in compliance with the rules, would have relieved it of its apparent feature of irrelevancy and impertinence. A correct and full statement of this exception, fully warranted by the evidence disclosed in the evidentiary bill, should have been somewhat as follows, for illustration: "The plaintiffs after adducing evidence tending to prove that the plaintiff, Margaret E. Walton, had her limb so

crushed by the car of the defendant as to necessitate the amputation thereof below the knee, and that the same was so amputated, further to maintain the issues on their behalf produced as a witness Dr. Henry Bacon, and offered to prove by him that a second operation would be necessary upon the limb of the said Walton, and that there was irritability in the amputated limb," etc., etc.   In making up bills of exceptions based upon the admission or rejection of evidence, where the evidence, admited or rejected, forming the subject of the exception, does not in and of itself show upon its face its pertinency and relevancy to the issue being tried, and there is other evidence either admitted, or proffered and rejected, that will connect it with the case and show its relevance and pertinence, such other connecting evidence should be set forth in the bill of exceptions so as to enable the appellate court fully and fairly to pass upon the propriety or impropriety of the admission or rejection thereof.

It is proper in this connection to remind the trial judges that while it is the duty of counsel in the first instance to correctly and truly prepare bills of exception for his signature, yet that a bill of exceptions in appellate proceedings is an expose of the happenings *in pais* in the trial of causes before them, and that such a bill depends for its authenticity upon their certification over their hands and seals, and that when so certified it imports to an appellate court absolute verity, and cannot be altered, amended, averred against or impeached in the appellate court by anything *dehors* the certified record, and that, therefore, so grave is the responsibility resting upon them officially in the solemn certification of such bills, that the duty devolves upon them to see to it carefully that such bills are so prepared before certifi-

cation as that they shall fairly, truly, fully and justly exhibit the matters therein exactly as they transpired at the trial.

The result of what has been said is that both the motions, the first to strike the entire bill of exceptions, and the second to strike certain designated parts thereof, will be denied, but to adjudge that the court in the final consideration of the case will not consider the second assignment of error, nor the assignments of error predicated upon the giving of the 26th, 27th and 28th charges at the request of the plaintiffs below, and it is so ordered.

CARTER, J.:

In my opinion, the motions to strike the bill of exceptions and certain parts thereof should be denied, but as I do not agree with all that is said in the opinion prepared by the Chief Justice, I shall proceed to state my views regarding the questions presented by the motions.

I. The first ground of the motion to strike the bill is based upon the assumption that the bill certified to us is not a true and correct copy of the original of which it purports to be. If we admit that this assumption is true, it furnishes no ground to strike the bill from the record, but would be good ground for awarding a certiorari upon a timely suggestion of diminution of the record under rule 15. Sams v. King, 18 Fla. 552; Hall v. Durham, 113 Ind. 327, 15 N. E. Rep. 529. On suggestion of diminution of the record, a writ of certiorari is effectual to bring to this court the true and correct record, no matter in what respect the transcript as certified in the first instance may vary from or misrepresent

such record.    State v. Tingler, 32 West Va. 546, 9 S. E. Rep. 935; Stimpson v. West Chester Railroad Co., 3 How. (U. S.) 553.

II. A paper is filed when it is delivered to the proper officer and by him received to be kept on file. The usual file mark is but one evidence of its having been filed.    County Commissioners of Franklin County v. State *ex rel.* Patton, 24 Fla. 55, 3 South Rep. 471.    In this case we have the bill of exceptions certified to us by the officer to whom it should have been delivered for filing, and he certifies that it is a true copy of a paper *in the case* of Walton and wife v. The Jacksonville Street Railway Company, as appears upon the *records and files of his office.*    In the absence of any evidence that the bill of exceptions was not filed, this is sufficient (State *ex rel.* Thompson v. Board of Equalization of Washoe county, 7 Nev. 83), especially in view of the fact that our rules do not contemplate that the file marks upon a paper shall be copied into the transcript unless demanded by one of the parties, and that no such demand was made in this case.

III. The other objections raised by these motions may be divided into two classes: first, those which complain that under certain exceptions more of the evidence is stated than the rules of this court for preparing bills of exceptions contemplate; and, second, those which complain that the evidence under other exceptions is either untruly stated, or entirely omitted.    These I will consider in the order named.

1st. A cursory reading of the rules adopted by this court governing the preparation of bills of exceptions will show that their prime object is to secure brevity, by eliminating all unnecessary matter, and to present to this court in compact form each exception with all

necessary pertinent matter relating thereto, full and complete in itself and disassociated from other exceptions and matter appertaining to them. In theory the rules require this, but in practice it is no doubt often difficult to frame the bill in exact compliance with the rules. Because of the difficulty in framing a perfect bill of exceptions under the rules, the court ought not to be too rigid in enforcing it to the letter, by striking the bill under the provisions of rule 13, in cases where the bill exhibits more matter in connection with an exception than may be necessary to show the propriety or impropriety of the ruling excepted to. The striking of the bill, or the refusal to consider an exception therein, is equivalent to denying the party a hearing upon matters which under the statute he is entitled to bring here by bill of exceptions, and the remedy provided by the rules was not intended to apply to trivial departures from the letter of the rules while the party has in good faith endeavored to conform his bill to the spirit of the rules, and in spirit they are substantially complied with. While the letter of the rules in this case has not been complied with in regard to the objections embraced in this class, I do not think there has been an intentional or a substantial violation of the spirit of them, and we ought not to strike the bill under these objections. Certainly a defendant in error has little ground to complain that more matter is embraced in the bill than is necessary to fairly present an exception. He cannot possibly be injured except in the matter of costs in case of reversal, and there is ample power in the court to protect him against unnecessary costs, without denying the other party a hearing on the merits of his case.

2nd. The objections embraced in this class are of more serious import. Perhaps if it could legally be

shown to us that a bill of exceptions is untrue in point of fact, and that it attempts to present exceptions never taken in the court below, or in a manner other than as the matter actually occurred below, we would be justified in striking such bill from the transcript. It is quite certain that if the bill is not made in compliance with the law and rules governing the same, it will not be considered by this court. Smith v. State, 20 Fla. 839; Myrick v. Merritt, 21 Fla. 799. It is equally certain that the truthfulness of a bill of exceptions settled and signed by the trial judge and made part of the record on appeal as provided by statute cannot be questioned in the appellate court, on motion to strike it from the transcript. Bryan v. State, 41 Fla. ——, 26 South. Rep. 1022; Glasser, Kuder & Ottensoser v. Hackett, 38 Fla. 84, 20 South. Rep. 820. In this latter case the point made was that the bill of exceptions did not truthfully set out the charges given by the judge on the trial, the charges being in writing and filed in the clerk's office. The Circuit Judge certified that the charges given by him were in writing and filed with the clerk and were still on file, and that certain of these charges had been omitted from the bill of exceptions, and words added to one of the charges inserted in the bill, that were not found in the charge as given on the trial. The charges in that case being in writing and filed, they were under section 1089 Revised Statutes *parts of the record,* and by holding that the bill of exceptions imported verity and that it could not be attacked in this court even for fraud in procuring it, we in effect declined to permit the truth of the bill to be questioned, even where the *record evidence* of the charges contradicted the evidence of the same charges by bill of exceptions. It is quite certain that each of the bills of ex-

ceptions in this case, the ordinary as well as the evidentiary, is upon its face, in form and substance, prepared, settled and signed in accordance with the rules of this court, and under the statute (Sec. 1268 Rev. Stats.) has become part of the record.    It is only by reference from one to the other that any defect is perceived, and that defect is that the ordinary bill either misstates, or fails to show, the existence and tendency of certain evidence which is set out in the evidentiary bill.    It appears from the transcript that the attorney for defendants in error was notified of the time and place, when and where, the bills would be presented for settlement, and that he filed with the judge written objections to the ordinary bill, in substance the same as those presented in these motions, and insisted that the bill be made to show the matters in accordance with the evidence given upon the trial.    He also objected to the statements in the bill to the effect that "this was the substance of all the testimony tending to support this charge," following the statement of the tendency of plaintiffs' evidence under the respective charges excepted to, and in settling the bill the court allowed this objection by striking out the objectionable statements, and in effect overruled the other objections by signing the bill without allowing them.    Each of those bills imports verity, and I know of no authority by which we can strike or refuse to consider either of them because there is a conflict between them or because one of them states facts not shown by the other.    I think it is true that the rules do not contemplate that there will ever be a conflict between the two bills, or that one will state facts material to the questions involved in the case, which are wholly omitted or misstated in the other, but it is equally true that the rules do not contemplate that

one of the bills is to be used as evidence to show the untruthfulness of the other for the purpose of striking it out.   Indeed, if both are of equal verity and are equally parts of the record, how can one part of such record be of superior dignity to the other, so as to authorize us to disregard the other part of such record on the same subject?   Suppose entries in the record proper be contradictory, can we strike out one of such entries, and if so, which?   Of course, if the bill of exceptions is not properly made up, so as to become a part of the record, we would be justified in striking it, not as an untruthful record, but because it is no record.   But it appears to me that both bills of exceptions in this case are properly parts of the record, and the court necessarily admits that fact, by its refusal to strike them.   It results from these views that the motions to strike should be denied.

While denying the motions to strike, the court goes further and designates certain exceptions embraced in the ordinary bill, which it now decides that it will not consider when the case comes up for hearing upon its merits.   This ruling is outside of the scope of the motions to strike, although the legal effect of the ruling accomplishes the same result as if these portions of the bill of exceptions were stricken, *viz*: there will be no hearing or ruling upon such exceptions.   For all practical purposes, they are stricken from the record, for they are eliminated from consideration when the case comes up on its merits.   If it be admitted that the ruling here upon that point is not *obiter dicta*, as being beyond the scope of the motions to strike, it is exceedingly doubtful if we ought, upon a motion made in advance of the hearing, to take up, consider and settle conflicts in the record relating to points properly involved in the hearing upon the merits after we have decided that no·

6

*portion* of that record can *properly be stricken.* The court
states positively and unequivocally that upon the final
consideration of the case upon its merits no reference
will be allowed from one of the bills to the other in aid
of, explanatory of, to supplement, or to impeach any
matter or question that under the rules properly belongs
exclusively to either, but that on a preliminary motion
made directly to test the question of compliance with
the rules in the make-up of the bill of exceptions proper
the court will refer to the evidentiary bill as a part of the
whole authenticated record in the case to test the ques-
tion presented. Is the evidentiary bill upon the final
hearing any the less a part of the whole authenticated
record than on a preliminary motion? Will we regard
it as untrue when in conflict with the ordinary bill, on
final hearing, and yet on preliminary motion regard it
as true and superior to the other bill? Whence comes
the authority to say that we will refer to it for certain
purposes on preliminary motion, and yet decline to con-
sider it for the same purposes at the hearing? The
rules do not so provide, nor have I been able to find
any authority in this State, or precedent in any other,
for such ruling. If the ordinary bill on preliminary mo-
tion is insufficient to present properly the exceptions
taken, by what process of reasoning can it be held on
final hearing to properly present such questions? If on
preliminary motion the bill misstates the evidence, or is
not made in compliance with the rule so as to present
certain questions, or is not properly a part of the record,
because made up in disregard of the rules, what mys-
terious and subtle agency perfects it at the final hearing,
if no preliminary motion is made? What right have
parties on preliminary motion to require the court to
point out specifically each assignment of error that has

no basis of support in the record, or the particular assignments of error it will consider and rule upon at the hearing? In this very case I am not sure that there are not other exceptions to instructions, not embraced in these motions, which are followed by statements of testimony apparently sufficient to sustain the propriety of the instructions, but which on careful examination will be found deficient in one or two facts essential to make out the precise case hypothesised in the instruction, which omitted facts will be found in the evidentiary bill, but not in the ordinary bill. In that case shall we reverse the case on the exception in the ordinary bill so imperfectly presented, when a reference to the evidentiary bill will show that we ought not to consider the exception for the very reason that we now decline to consider others? Would this be just to the defendant in error, who has asked us to strike out the entire bill because it is not made in accordance with the rules, and we decline to do so, though indicating that we will not consider certain exceptions objected to and another that is not? If it is unjust and beyond the scope and purpose of the law and the rules to allow upon a preliminary motion the statements of the ordinary bill to stand as the guide for our final decision, when shown by the evidentiary bill to be untrue or to present the case unfairly, is the sting of injustice extracted, or do the law and the rules expand so as to embrace within their scope and purpose such a case, if the defects be first called to our notice at the hearing on the merits? I think not. The rules of this court were never intended to punish a defendant in error by a reversal of his judgment for the failure of the plaintiff in error to presnt truly and in the manner pointed out by the rules the exceptions as they occurred

in the court below, or for the failure of the judge over his
protest to require the bill of exceptions to so present
such exceptions.    It is the duty of the plaintiff in error
to prepare his bill truly, and in a manner so as to present
his exceptions in form and substance as required by the
rules, and for his failure to do so we may very properly
refuse to consider any exceptions on his behalf not so
presented. This is the substance of the decision in Allen
v. Lewis, 38 Fla. 115, 20 So. Rep. 821, where it was held
that exceptions *which upon their face* were not set forth
as required by the rules would not be considered on
final hearing, but that the entire bill of exceptions in
such a case would not be stricken where other excep-
tions in the same bill were properly presented.    In that
case also we declined to permit a plaintiff in error to
refer us to the evidentiary bill for matter in aid of his
ordinary bill; and, indeed, if the broad language respect-
ing the purpose and uses of the ordinary and evidentiary
bill used in that case is applied to this case, we would
not be authorized to refer to the evidentiary bill in this
case either upon preliminary motion or final hearing, ex-
cept to test the sufficiency of the evidence to support
the verdict, or to determine whether an error found was
harmless.    But the opinion in that case must be con-
strued with reference to the facts then before the court,
and there was no question of a conflict between the two
bills as in this case.    If the bills are properly made,
neither will exhibit more or different evidence than the
other upon any matter of exception.    In such cases ref-
erences from one to the other will be wholly unneces-
sary, and neither party will ask it.    It was in this view
that the rules were framed, and the decision in Allen v.
Lewis made.    But where there is a conflict between the
two bills, while we may properly punish the party re-

sponsible for such conflict, the plaintiff in error, by refusing to consider an assignment of error based upon an untrue statement of the evidence in his ordinary bill, in my humble judgment we have no right to deny the defendant in error the benefit of anything in either of the bills of exceptions that tends to show that no error was committed.   Our rules divorce the two bills from each other, but they do not divorce either from the record. Each is a part of the record, and if there are conflicts between them we must settle these conflicts in our determination of the questions involved just as we would conflicts in other parts of the record, or between the bills of exceptions and record entries.   This we must do when considering the case on its merits; if the exception is presented in such a manner as to authorize or require us to consider it, then we must give defendant in error the benefit of everything in the record bearing upon the exception.   If this view is correct, and I believe it is, we should not at this time undertake to point out the particular exceptions that we will not consider on the hearing, for the parties have a right to be heard upon these questions.

I do not wish to be understood as agreeing to the proposition that charge number 31 asserts an abstract proposition of law not dependent for its propriety upon any particular state of facts.   On the contrary, I think it would be highly improper, and in many cases reversible error, for a judge to instruct the jury in the language of that instruction, if in fact the testimony of each witness was reasonable and not in conflict with other evidence in the case, and if the evidence did not tend to show animus or interest on the part of any witness, and if the testimony of no witness was rebutted or shown to be incorrect on material points.   It is dangerous to give instruc-

tions on abstract propositions of law foreign to the facts of the case, and if there was no evidence to sustain the facts hypothesised in this instruction, it may have been reversible error to give it.