VOLUSIA COUNTY BANK, PLAINTIFF IN ERROR, VS. O.
DEG. BERTOLA, DEFENDANT IN ERROR.

1. Where questions to witnesses are excluded as not being i
cross-examination, and there is no statement in the bi
of exceptions showing the scope of the direct examinatio
or where testimony is offered and excluded, and there
no statement in the bill showing its relevancy to the cas
or where a charge is given, or one is refused, and the bi
shows no statement of facts upon which the charge wa
predicated where such statement is required, assignmen
of error based thereon can not be considered by the a
pellate court.

2. A request to instruct the jury that they might take into co
sideration the interest of any witness in the result of t
case, and give his evidence such weight under all the ci
cumstances as they should think it entitled to, may pro
erly be refused in the absence of evidence making it a
propriate to give such instruction.

3. Where the vender of personal property retains possessi
of it after a sale, it devolves upon the vendee to sho
that the possession of the vendor is either consiste
with the deed, is unavoidable, or temporary for the re
sonable convenience of the vendee; and in the absence
such showing the sale will be regarded, so far as thi
parties are concerned, as fraudulent in law.

Writ of error to the Circuit Court for Volusia Count

The facts in the case are stated in the opinion of t
court.

*Isaac A. Stewart* (with whom was Egford Bly on t
brief), for Plaintiff in Error.

---

Volusia County Bank v. Bertola.—Opinion of Court.

---

*F. C. Austin* and *John W. Price,* for Defendant in'
Error.

PER CURIAM.

'This cause having been referred by the court to its
commissioners for examination, they report that the
judgment should be reversed; and after due considera-
tion of the same upon the transcript of the record, the
abstracts having been excepted to, the court is of the
opinion that the judgment should be reversed on the
ground hereinafter stated in this opinion.

Defendant in error filed with the sheriff of Volusia
county a claim affidavit alleging that certain personal
property therein particularly described, and levied upon
by the sheriff by virtue of two executions in favor of the
Volusia County Bank against one J. E. Bigelow, belonged
to affiant. Claimant filed bond and the property was
delivered to him, and upon the trial of the right of
property a verdict was rendered in his favor, upon which
final judgment was entered. The bank sued out writ of
error to this judgment. ●

The first twenty-two assignments of error relate to the
rulings of the trial court as to the admissibility of evi-
dence, or to the giving or refusing to give certain re-
quested instructions to the jury. Upon an examination
of the transcript we find that none of the questions
sought to be presented by these assignments are so pre-
sented by the bill of exceptions that we can consider
them. Where questions to witnesses are ruled out as
not being in cross, there is no statement in the bill
showing the scope of the direct examination; where tes-
timony is offered and excluded there is no statement in

the bill showing its relevancy to the case; where complaint is made of giving a charge or refusing to give those requested, there is no statement of facts upon which they were predicated, and on this account the alleged errors can not be considered. Jacksonville Street Railroad Company v. Walton, 42 Fla. 54, 28 South. Rep. 59.

The twenty-third assignment is that the court erred in refusing to instruct the jury, at the request of plaintiff in error, that they might take into consideration the interest of any witness in the result of the case, and give his evidence such weight under all the circumstances as they should think it entitled to. This request was refused by the court on the ground that it was an invasion of the province of the jury. There is no statement of facts given in the bill of exceptions upon which this request was predicated, but assuming, under the decision in Jacksonville Street Railroad Company v. Walton, *supra,* that it is of such a character that it may be considered in the absence of such statement, as are of opinion that on the showing made there would be no error in refusing the charge. As a general rule a trial court is not compelled to inform the jury that they may consider this fact, or that fact alone, or may infer a certain formulated conclusion from an isolated fact in arriving at a verdict on the evidence submitted to them. Such cautionary directions, while permissible and required in some cases, may generally be omitted. Langford v. State, 33 Fla. 233, 14 South. Rep. 815; Lang v. State, 42 Fla. 595, 28 South. Rep. 856; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Olds v. State. decided at this term. It was held in Hunter v. State, 29 Fla. 486. 10 South. Rep. 730, that it was error under the facts of

that case to refuse to instruct the jury that they had the right to disbelieve the evidence of any interested witness upon no other ground than the fact of interest, but a consideration of the evidence in that case showed it to be of such character that the court might very properly have given the requested instruction. There were other grounds for reversing the judgment in that case, and this court expressed a serious doubt as to the sufficiency of the evidence to sustain the verdict. The reason assigned by the trial judge for refusing the instruction in the present case may not be correct as an abstract rule under the decision in the Hunter case, but in the absence of any hypothecation of the evidence we are of opinion that error does not appear in the refusal to give the instruction.

The twenty-fourth assignment of error, based upon the refusal of the court to give the twenty-second charge requested by plaintiff in error, is not argued, and, therefore, considered as abandoned.

The twenty-fifth and last assignment of error is that the court erred in denying the motion for a new trial, and under this assignment it is insisted that the verdict is not sustained by the evidence. After a careful consideration of the evidence shown by the evidentiary bill of exceptions we are of the opinion that the court erred in denying the motion on the ground stated. Defendant in error claimed to have purchased the property in question from one Bigelow prior to the levy of the executions in favor of plaintiff in error, and the defect in the testimony to sustain a verdict in favor of the claimant, defendant in error, is that it fails to sufficiently show a change of the possession of the property on the part of Bigelow

47 S. C.

after the sale.] The rule stated in Gibson v. Love, 4 Fla. 217, is that where the vendor of personal property retains possession after the sale, fraud is to be inferred, unless there is evidence not of a general character negativing a fraudulent intent, but of a character to explain possession; that the presumption of fraud in a case where the vendor remains in possession is so strong as to outweigh positive testimony of an entire absence of all fraudulent intent, or even to establish a fraud, where the jury are satisfied that there was none actually intended. The subsequent decisions in Holliday v. McKinne, 22 Fla. 153, and Briggs v. Weston, 36 Fla. 629, 18 South. Rep. 852, were not intended to lay down any different rule, and in the latter it is stated that where the vendor of personal property continues in the possession of same, the burden rests upon the vendee to show that such possession is either consistent with the deed, is unavoidable, temporary, or for the reasonable convenience of the vendee, and that in the absence of evidence explaining the possession, a verdict sustaining the sale would be contrary to the evidence. A more accurate way of expressing the rule is that it devolves upon the vendee to show that the possession of the vendor is either consistent with the deed, is unavoidable, or temporary for the reasonable convenience of the vendee, and in the absence of such showing the sale will be regarded, so far as third parties are concerned, as fraudulent in law. As to third parties the testimony in this case does not, in our judgment, show a change of the possession of the property on the part of Bigelow after the alleged sale— that is, that there was any visible change of same status of the property after sale—and there was no at-

tempt to explain the possession so as to bring it within the rule announced.

The judgment will be reversed and a new trial awarded, and order to be entered accordingly.