J. A. MAULTSBY, *Plaintiff in Error*, v. T. L. BOULWARE, *Defendant in Error.*

1. Where amendments to a declaration are stated to consist in striking out certain words as they appear on certain numbered lines of the original declaration and inserting in lieu thereof certain other words, and in the transcript filed in the Supreme Court the pages and lines of the declaration as filed in the trial court are not preserved or in any way identified so the appellate court can intelligently determine where the amendments should appear in the transcript, or the effect of the amendments, and the trial court held the declaration to be good on demurrer, and no error is made to appear to the appellate court, the ruling of the trial court will not be disturbed.

2. Where a plea of not guilty is on file and the defendant moves to be allowed two days in which to file other pleas and the motion is not supported by any showing that defendant in fact desired or intended to file other pleas than the general issue already on file or that he had a defense which could not be presented under the general issue, and no excuse is shown for the delay, the ruling of the trial court denying the motion will not be disturbed.

3. In considering the propriety of charges given to the jury this court is confined to the statements of the evidence, or what the evidence tended to prove, which follows the charge in the ordinary bill of exceptions, and when the charge has not proper basis in the evidence so stated the charge will be held to be erroneous.

4. It is not reversible error to refuse instructions upon points substantially covered by charges given.

5. In an action to recover damages for the killing of two mules, requested instructions to find for the defendant if one of the mules was killed under circumstances stated in the charges severally are properly refused.

This case was decided by Division B.

Writ of error to the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*W. W. Hampton* and *W. S. Broome* for plaintiff in error.

No appearance for defendant in error.

WHITFIELD, J.—T. L. Boulware brought suit in the Circuit Court of Alachua county against J. A. Maultsby to recover damages for the loss of two mules alleged to have been killed by the negligence of the servants of Maultsby to whom the mules were hired by Boulware, the owner of them. A demurrer to the declaration was sustained upon one of the grounds thereof, to-wit: that it did not specify by what means and in what manner and by the use of what sort of instruments the mules were .wounded, bruised and beat. The declaration was amended in this particular and a demurrer thereto was overruled. At the trial a verdict and judgment were rendered for the plaintiff awarding him damages in the sum of $280.35. A remittitur of $50 was entered by the plaintiff. Writ of error was then taken to this court.

One of the errors assigned is the overruling of the demurrer to the amended declaration. The amendments to the declaration consist in striking out "all words appearing therein from and including the 4th word on the 6th line of the 2nd page, to the second word on the 12th line on the second page of said declaration, and insert in lieu thereof the following," etc., and in striking out "all words appearing therein from and including the 3rd word on the 23rd line of the 2nd page of said declaration, to and including the 1st word on the 27th line of the 2nd page of said declaration, and insert in lieu thereof the following," etc.

In the transcript filed here the pages and lines of the declaration as filed in the trial court, are not preserved or in any way identified so the court can intelligently determine where the amendments should appear in the declaration in the transcript, or the effect of the amendments. The

court held the declaration to be sufficient, and no error has been made to appear here.

A plea of not guilty was filed by the defendant on September 5, 1902, and during a term of the court on December 9, 1902, the defendant moved the court to be allowed two days in which to file other and further pleas. The denial of this motion is assigned as error. The motion was not supported by any showing that defendant in fact desired or intended to file other pleas than the general issue which had been on file since September 5, 1902, or that he had a defense which could not have been presented under the general issue; and no excuse was shown for the delay in preparing the defense other than the demurrer and the plea of not guilty which had been interposed more than three months before. The ruling of the trial court will not be disturbed.

Error is assigned on the giving of the following charge which was excepted to: "5th. If you believe from the evidence that the defendant over and against and contrary to the wishes of his foreman ordered his foreman to put an inefficient driver on the team, and that such driver by reason of his inexperience and want of ability, was unable to exercise ordinary care in the management of the team, and that the team while being driven by such driver, the log cart to which the said mule named Pete was hitched, was driven in a trot, and that the single-tree was caught on or under the end of the log, and that the mule named Pete was thereby jerked down and broken down and injured, and that the log cart to which he was hitched, ran upon him, and that the said mule named Pete after a time died from the result of such injury, then you should find for the plaintiff."

The bill of exceptions, after reciting this charge and the exception thereto, states: "The following is the testimony upon which said charge is supposed to be predicated: Josh Nelson testified that he had recently lost his finger; had a wounded hand, and had a sling in hand at the time. Charles Ormond and Will Godwin, witnesses for plaintiff,

testified that they had been driving by that log frequently and that no accident had occurred to them while driving teams; that my single-tree had frequently caught before, but not thrown mule down; that said log was permitted to remain at that place in the road used by log carts. Henry Kellum, witness for defendant, testified that he was foreman for defendant Maultsby; that the man who was driving Jim was a good driver; that he (Kellum) made Will Godwin go with him a day or two before he turned the team over to him, to see if he was a good driver, and Godwin reported that he was a good driver; that Josh Nelson was a good driver; that Boulware was to furnish the drivers for his team; that Boulware sent the witness word that he could not keep a driver on his team, and to do the best that he could. J. A. Maultsby, the defendant, testified that he put drivers on the team at Boulware's request; that Boulware could not keep a driver on his team, and asked him to get drivers on them and to do the best that he could; that he (Boulware) could not keep a teamster, and asked him to do the best that he could in keeping one, and that his contract with Boulware was that Boulware was to furnish a driver for his team."

In considering the propriety of the charge this court is confined to the statements of the evidence, or what the evidence tended to prove, which follows the charge in the bill of exceptions proper. *Jacksonville St. R. Co. v. Walton,* 42 Fla. 54, 28 South. Rep. 59; *Hoodless v. Jernigan,* 46 Fla. 213, 35 South. Rep. 656; *Daytona Bridge Co. v. Bond Lumber Company,* decided this term. The bill of exceptions in this case gives "the testimony upon which said charge is supposed to be predicated," and imports verity. *Davis v. State,* 44 Fla. 32, 36 South. Rep. 170.

The charge here assigned as error has no basis in the testimony given to support it. There is no testimony that the defendant over and against and contrary to the wishes of his foreman, ordered his foreman to put an inefficient driver on the team. On the contrary, the foreman testified

that Josh Nelson was a good driver; that he made Will Godwin go with the man who was driving Jim a day or two before he turned the team over to him, to see if he was a good driver, and Godwin reported that he was a good driver. It is apparent that this charge is erroneous.

The following charge given was duly excepted to and is assigned as error: "8th. If you find from the evidence that the defendant neglected and failed to exercise ordinary care in his hiring of drivers, who were capable of exercising ordinary care and skill in the management and control of the teams, and that by reason of the failure and negligence of the defendant to exercise ordinary care in the hiring of such drivers who were skilled in the duty of driving log carts, and that by reason thereof the mules were killed, then you should find for the plaintiff and assess such damages as have been proven by the evidence."

The bill of exceptions states that "the said charge was predicated upon the following facts that the testimony tended to prove: Mr. Boulware testified that he was not present when the mules were killed, and they were killed and injured through no fault or negligence on his part. Laut Kellum testified that he saw the tree that had fallen on the mule Jim; that he cut Jim loose, the wagon ran against the tree, but the tree was 18 or 24 inches from the road; that he supposed with proper care the accident could have been avoided; that he had driven by the same place many times and had never hit it; that he didn't think the log was properly hung on the cart, and told the driver so; that he could not say if the log was properly hung the cart would have missed the tree; that he told the driver about the log; that the driver could have prevented the accident; that when the logs are properly swung on wagons there is a variation of from five to six feet."

There is no testimony here that the defendant neglected and failed to exercise ordinary care in his hiring of drivers who were capable of exercising ordinary care and skill in the management and control of teams, and the charge is

therefore erroneous. *Daytona Bridge Co. v. Bond Lumber Co., supra.*

Exceptions were taken to the refusal of the court to give the following charges, and errors are assigned thereon: "5th. If you believe from the evidence in this case that the property bailed was lost without fault of the defendant, then you must find for the defendant."

"6th. If you believe from the testimony in this case that the defendant exercised ordinary care and diligence in the selection of his servants and agents, and that he exercised ordinary diligence in the care of the property bailed, then you will find for the defendant."

As these charges are covered by instructions given, the refusal to give them was, under the circumstances of this case, not reversible error.

The refusal of the court to give other charges, at the request of the defendant, were duly excepted to, and errors are assigned thereon. Each one of these refused instructions directed the jury to find for the defendant, if they found one of the mules was killed under circumstances stated in the charges severally. As the suit was to recover damages for the loss of two mules, instructions to find for the defendant, if he was not responsible for the loss of one of the mules, were properly refused.

As a new trial is to be had it is not necessary to consider other assignments of error.

The judgment is reversed and a new trial granted.

CARTER, P. J., and SHACKLEFORD, J., concur

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.