DIXON LUMBER COMPANY, A CORPORATION, *Appellant*, v. J. R. JENNINGS, *Appellee*.

1. Where the vendor of personal property retains possession of it after sale, it devolves upon the vendee to maintain a showing that the possession of the vendor is either consistent with the sale, is unavoidable, or temporary for the reasonable con-

venience of the vendee; and where a mortgage is placed on the property by the vendor when the latter had remained in possession of it more than two years after its alleged sale, with nothing to indicate that the ownership had been transferred, the mortgagee without notice of anything putting him upon inquiry as to the true ownership will have priority over the vendee.

2. While the findings and conclusions of a chancellor, where the evidence is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court unless they are clearly shown to be erroneous.

3. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows it to be erroneous.

Appealed from the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*C. A. Stephens,* for Appellant;

*L. E. Roberson* and *B. B. Johnson,* for Appellee.

PER CURIAM.—On February 26th, 1910, W. L. Perkins, executed to J. R. Jennings a mortgage on a certain locomotive engine apparently used in hauling timber to a lumber mill. Dixon Lumber Company claimed to own the engine by virtue of a bill of sale dated January 5

1908. The engine remained in the custody of Perkins for more than two years after its alleged sale to Dixon Lumber Company with apparently no visible indicia of ownership or right in another. An alleged lease of the engine by the Dixon Lumber Company to Perkins was not proved for record, and its record did not give Dixon Lumber Company any advantage under Section 2516, General Statutes of 1906; Onyx Soda Fountain v. L'Engle, 53 Fla. 314, 43 South. Rep. 771.

Where the vendor of personal property retains possession of it after sale, it devolves upon the vendee to maintain a showing that the possession of the vendor is either consistent with the sale, is unavoidable, or temporary for the reasonable convenience of the vendee; and where a mortgage is placed on the property when the vendor had remained in possession of it more than two years after its alleged sale, with nothing to indicate that the ownership had been transferred, the mortgagee without notice of anything putting him upon inquiry as to the true ownership will have priority over the vendee. See Volusia County Bank v. Bertola, 44 Fla. 734, 33 South. Rep. 448; Gibson v. Love, 4 Fla. 217.

While the findings and conclusions of a chancellor, where the evidence is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or sole-

ly upon questions of fact, will not be reversed, unless the evidence clearly shows it to be erroneous. Brannon v. Blume, 61 Fla. 505, 55 South. Rep. 549.

The only real question presented is whether Jennings had any actual notice that the title to the engine was at the time he took the mortgage in the Dixon Lumber Company. The testimony is quite voluminous and in some respects conflicting, but there is evidence to sustain the finding of the chancellor in favor of Jennings, and the finding does not clearly appear on the whole evidence to be erroneous, therefore, the decree will not be reversed, but is hereby affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD. COCKRELL AND HOCKER, J. J., concur.