MILES MOUNTAIN, APPELLANT, VS. STEPHEN J. ROCHE, AP-
PELLEE.

1. Unless the record discloses so much of the proceedings as will show
that an error was committed by the Court below upon the trial, it must
be intended that the proceedings in that Court were correct.

2. The "act for the relief of occupying claimants," approved January 12,
1849, has no application to proceedings under the act relating to forcible
entry and detainer.

Appeal from the Circuit Court for Washington county.

This was a proceeding instituted before the Circuit Court
for the county of Washington by the respondent, for the un-
lawful withholding from him by the appellant, without the
consent of the respondent, of certain land in that county,
praying restitution of possession and damages. The pro-
ceeding was commenced in 1869, under the act of 1868, en-
titled "an act concerning forcible entry and detainer." Ver-
dict and judgment were rendered in favor of the complain-
ant and the defendant appeals.

The return consists of the complaint, summons, memoran-
dum of trial by jury, and their verdict, and a judgment in
favor of the respondent for the recovery of the possession of
the premises. There are also incorporated in the return
memoranda, purporting to be testimony or deposition, and
also copies of deeds which the clerk certifies were "given in
evidence" on the trial.

The bill of exceptions, entire, is as follows :

"Now on this day came the defendant by his counsel and
moved the court for a new trial in the above cause on the
following grounds, to-wit:

"1. That the verdict of the jury was contrary to the evi-
dence.

"2. That the verdict of the jury was contrary to law.

"3. That the verdict of the jury was contrary to the
charge of the court.

" 4. That the charge of the court was contrary to law.

" Which motion the court overruled, and the defendant, by his counsel, excepted and asked the court to sign his bill of exceptions.

" Now on this day came the defendant by his counsel and moved the court to summon twelve disinterested persons to act as jurors, and assess the damages and waste committed, and the value of rent after judgment, and the value of the improvements made by said defendant on said land.

" Which motion the court overruled, to which ruling the defendant, by his counsel, excepted and asked the court to sign this, his bill of exceptions.

HOMER G. PLANTZ, Judge."

The assignment of errors is as follows :

" I. The court erred in overruling the defendant's motion for a new trial.

" II. In having admitted evidence of right of property in complainant, viz : the sheriff's deed to him.

" III. The court erred in overruling the defendant's motion to summon twelve disinterested persons to act as jurors and assess the damages and waste committed, &c."

*A. L. Woodward, Sr.,* and *D. L. McKinnon*, for Appellant.

*C. C. Yonge* for Appellee.

RANDALL, C. J., delivered the opinion of the court.

We are unable to determine from this record whether the court erred in overruling the motion for a new trial, or upon what the ruling of the court was based, for the bill of exceptions does not disclose the testimony given on the trial, nor what charge or instructions were given to the jury by the court, nor that any objections or exceptions were made or taken during the trial by either party. Even the memoranda of testimony and the certificates upon the copies of

the deeds do not show which party offered or used the supposed testimony or deeds.

This court has so frequently ruled that unless the record disclose so much of the proceedings as will show that an error was committed by the Circuit Court upon the trial, it must be intended that the ruling was correct, that it is unnecessary to repeat any discussion of the question. We discover that the verdict was in accordance with the complaint, and conformable to the statute, and we have not properly before this court anything to inform us what intermediate proceedings were had.

In the case of Robinson vs. L'Engle, decided at the present term, it was held that the minutes of testimony kept by the clerk in pursuance of the constitution were not a part of the record, so far as to dispense with the necessity of incorporating the testimony in a bill of exceptions in order to bring it before this court for review.

The first and second points in the assignment of errors are, therefore, not sustained by the record.

As to the third point, that the court overruled the defendant's motion to summon a jury of twelve persons to assess the damages, waste, &c., we do not consider that the proceeding contemplated is applicable to a case of this character. It was stated in the argument that the motion was made under the provisions of "an act for the relief of occupying claimants," passed January 12, 1849. This act provides "that if any person or persons hath or have settled or improved, or shall hereafter settle or improve any lands in this State, supposing them his own by reason of a *title* in law or equity,"      *      *      *      *      "but which lands shall prove to *belong* to another, the charge and value of such settling and improving, to be ascertained in the manner hereinafter mentioned, shall be paid by the right owner to such settler, improver, or his assignee or occupant so claiming."

The act further provides that the court rendering judgment of eviction, or if in equity, rendering a decision against

the occupant where suit has been brought by a party claiming a right to land in possession of another claiming the same under title as aforesaid, shall cause to be summoned twelve persons to act as jurors, "to make assessments of damages and waste committed, and of rents and profits accruing after judgment or decree rendered of the value of the improvements, and the land from which the occupant is to be evicted," &c., all of which they are to report to the court for such further action as is provided in the act.

If this were a case to which this act is applicable, it might be a question whether the bill of exceptions does not come short of showing a state of facts entitling the appellant to a jury to make the inquest contemplated by the act. But we conceive that the proceeding, under the unlawful detainer act, does not involve the title of either party, or determine any right except that of the present possession. The act of 1848 contemplates a proceeding in which the conflicting titles of the respective parties shall be finally determined by the judgment or decree of a competent court. The present case is not one in which the lands, of which one party supposed himself to have a title in law or in equity, have been adjudged to belong to the other as a "right owner," and therefore the appellant was not entitled to require the assessment of damages, value of improvements, &c., and the ruling of the court was therefore proper.

There being no error apparent in the record, the judgment of the Circuit Court must be affirmed.