SIM ASIA, APPELLANT, vs. EDWIN P. HISER ET AL., APPELLEES.

1. The statute of 1881, section 4, p. 481, McC's. Digest, requiring a verdict for the plaintiff in an action of ejectment to state the quantity of his estate and describe the land, does not dispense with the necessity for a finding of his right of possession.

2. A verdict in ejectment which simply finds "the fee simple title in the plaintiff to the following lands," describing them, does not find the right of possession in the plaintiff, nor does it authorize the entry in behalf of the plaintiff of a judgment for recovery of possession of the land.

3. Pleadings should be properly settled and issues of fact formally made up before a trial by jury is had.

4. There must have been a judgment for the plaintiff in ejectment before proceedings can be instituted by the defendant therein under the "act for the relief of occupying claimant." Chap. 132, McC's. Dig.

Appeal from the Circuit Court for Putnam county.

This is an action of ejectment brought by appellees, Edwin P. and Maria C. Hiser, brother and sister, against appellant in May, 1885. The declaration is in the usual form. The defendant below, Asia, pleaded the general issue; and for a defence one quitable grounds pleaded that in March, 1880, he entered into a verbal contract with plaintiffs for the purchase of the land for the sum of $700; that in consideration of such purchase defendant in May, 1880, took possession of said land, which is in said county, built a house thereon, and began the improvement of said land; thereafter, on May 1, 1881, the said contract was reduced to writing, (an annexed copy of it is made a part of the plea;) that ever since the month of May, 1880, the defendant has been in peaceable and quiet possession of the land. The said copy of contract annexed is a bond signed and sealed by appellees in which they acknowledge themselves to be held and firmly bound unto appellant in the sum of $700, and bears date May 1, 1881, and is conditioned that if appellees shall, on or before May 1, 1886, upon reasonable request, make and deliver a good and sufficient warrantee deed in fee simple, free from all incumbrances and with the usual covenants to the land, (which is described,) or if the said appellant shall fail to pay the appellees the sum of seven hundred dollars in the following manner, viz: $100, with interest on the whole amount, on the first day of May in the years 1882, 1883, 1884, and the sum $200 with interest on the whole amount on the first day of May in the years 1885 and 1886, then the obligation to be void, else to remain of full force and effect. The plea further alleges that in compliance with said contract the defendant paid to plaintiffs in May, 1881, $56 interest, and that in May, 1882, the further sum of $56 interest, and on June 1st, 1882, $50 principal, and afterwards, on the 4th and 6th days respectively of August,

1882, the $50 balance due "on the May, 1882, installment," and that plaintiff refused to accept the same. That on the 6th day of April, 1885, he, defendant, deposited in the First National Bank of Palatka to the credit of Edwin P. Hiser, the sum of $488, which still remains in said bank to the credit of said Hiser, being $100 more than at that time was due from defendant to plaintiffs, and caused the cashier of said bank to notify said E. P. Hiser of the amount deposited to his credit, and said Hiser duly received said notice, but the said plaintiffs actuated by a spirit of malice towards him refused to accept said sum and on April 22, 1885, brought an action of unlawful detainer in the County Court of said county, which action was tried and resulted in favor of defendant, and that plaintiffs still actuated by malice and a desire to wrong defendant entered this action of ejectment on the seventh day of May, 1885. That on the first Monday in June, 1885, he deposited with the Clerk of the Court, W. F. Forward, $125, being the full amount due upon the contract at that time. That when he took possession of the land it was wild and uncultivated, that by his industry and labor he has cultivated it, and has now bearing on it a grove of 150 orange trees, and a grove of 317 orange trees that will bear in the year 1886, and that he has put improvements on said land to the amount of $6,000 and over.

There are no other pleadings in the record.

The jury returned a verdict in which they "find for the plaintiffs the legal title and right of possession under the consideration that the plaintiffs shall return to the defendant all moneys which have passed hands in connection with this case, and that his improvements on the land shall be appraised." The Judge then instructed them to return some other verdict in accordance with instructions which had been given, and they retired and returned a verdict as

follows : " We the jurors in the case of Hiser vs. Asia find the fee simple title in the plaintiffs to the lands described as follows" giving a description of the land. Thereupon judgment was entered, that the plaintiffs " recover of the defendant herein the following land as described in the declaration and verdict, and an estate in fee simple therein," describing the lands " together with their costs in this be-half expended."

*J. W. Ashby* for Appellant.

*Calhoun, Davis & Gillis* for Appellees.

Mr. Justice Raney delivered the opinion of the court.

I. Ejectment is an action for the recovery of the posses-sion of real estate, and, under the act of 1859, the mesne profits for the detention thereof. McC.'s Dig., p. 480, §1. The act of 1881, Ibid, secs. 4, 5, p. 481, provides that the verdict shall, when for the plaintiff, state the quantity of the estate of the plaintiff and describe the land by its metes and bounds, number of the lot or other certain description, and the judgment awarding possession shall in like manner state the quantity of the estate and give description of the land recovered. , It was not the purpose, nor is the effect, of the act of 1881, to take from the jury the function of passing upon the question of possession. A recovery of possession is still the chief purpose of the action. The object of the act of 1881, in requiring the statement of the plaintiff's estate was, it would seem, that the jury should find, and the verdict and record show, what estate in the land the plaintiff is entitled to recover and hold as against the defendant, whether a term of years, life estate, or fee simple. An inspection of the second verdict returned will discover that it is a mere declaration of the fact that the

fee simple title to land is in the plaintiffs, and says nothing upon the question of the right of possession. There is in the language of the verdict nothing implying a finding upon the plaintiffs' right of possession, no finding the defendant guilty of the trespass and ejectment in the declaration mentioned, nor tantamount language, but simply a statement or finding as to the title as above set forth, and nothing more. The fact that the fee simple title is in the plaintiff, is not necessarily inconsistent with the defendant having a present right of possession for some period of time under the former's title. The jury, in their first verdict, passed on this question by finding that the right of possession was in the plaintiffs, but not only put into the verdict conditions which had no place there, but also omitted to state the quantity of the plaintiffs' estate, and to describe the land. Confining our remarks to the form of the verdict we do not hesitate to say that the Circuit Judge very properly sent the jury back to bring in another verdict both on account of a part of what it contained and what it omitted. Whether the omission of the second verdict to pass upon the question of possession was intentional, or, as is most probable, entirely unintentional, it is still a fact that there is no verdict to support the judgment, and the case must consequently go back for a new, trial. Proffatt on Jury Trial, §444.

II. The record before us shows that no action has been taken by the plaintiffs on the second plea. If a good plea it should be replied to ; if not good it should be demurred to, or a motion made to strike it out, as may be proper. We express no opinion, however, as to its merits. If, however, it is a good equitable plea, then the general issue, which is also pleaded, does not cover it. A failure to reply to an issuable plea properly pleaded and not abandoned, and requiring something more in reply than a mere *similiter*, is,

we may remark, an error, which according to the practice of this court may be taken advantage of primarily, even on appeal. Benbow vs. Marquis & Co., 17 Fla., 441; Livingston vs. L'Engle, Trustee, 22 Fla.

In view of the state of the pleadings it is unnecessary to say anything as to tender. The doctrine is discussed in Wait's Actions and Defenses, Vol. 7, under the title of *Tender*, and in Spann vs. Baltzell, 1 Fla., 301; Forcheimer vs. Holley, 14 Fla., 239; Mathews vs. Lindsay, 20 Fla., 962; Sanford vs. Cloud, 18 Fla., 532.

III. It is held in Duncan et al., vs. Jackson, 16 Fla., 338, that before the proceedings contemplated by chapter 233, of the statute, (chap. 132, McC.'s Digest,) can be instituted by a defendant in ejectment in cases to which it is applicable, there must have been judgment in favor of the plaintiff. The application was premature in this case, even if the statute applies to it. Mountain vs. Roche, 13 Fla., 581; Jones vs. Graves, 21 Iowa, 475.

The Judgment reversed and new trial granted.