ROBERT W. McCALL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

The errors assigned having been abandoned by the omission of the plaintiff in error to submit the cause within the time required by a special order, and the Attorney-General having, after the expiration of that time, submitted it by written averment that the indictment is in the language of the statute and sufficient,

and no defect in the indictment being discovered on reading it
and the statute on which it is founded, the judgment is af-
firmed.

Writ of error to the Circuit Court for Hamilton
county.

The facts in the case are stated in the opinion of the
court.

*B. B. Blackwell*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

RANEY, C. J. :

The plaintiff in error was indicted at the Fall term,
1892, of Hamilton Circuit Court. The indictment
charges: "That Robert W. McCall, late of said county,
laborer, on the 23rd day of December, A. D. 1890, at
and in the county, circuit and State aforesaid, with force
and arms, unlawfully and fraudulently, one mule, the
property of William D. Devane, of the value of one
hundred dollars, did then and there convert to his own
use, without the consent of the owner, the said Wil-
liam D. Devane, the said Robert W. McCall having
before that time, to-wit: on the 22nd day of December,
A. D. 1890, borrowed the said mule from the said De-
vane, to be returned on the said 23rd day of Decem-
ber, A. D. 1890, and the said mule, being so entrusted, by
the said Devane to the said McCall, and borrowed from
the said Devane by the said McCall on the said 22nd
day of December, A. D. 1890, to be returned on the

Robert W. McCall v. The State of Florida —Opinion of Court.

said 23rd day as aforesaid, he the said Robert W. Mc-Call, intending then and there to deprive the said Devane of said mule, did then and there fraudulently convert said mule to his own use, against the will and without the consent of the said William D. Devane, contrary to the form of the statute in such cases made and provided."

There was a trial before a jury, a verdict of guilty, and sentence; the sentence being that McCall pay a fine of $25, and the costs taxed at $35.88. Intervening the verdict and judgment, the defendant moved in arrest of judgment on the ground that the indictment does not charge an offense under the statute and is insufficient; the ground being also otherwise stated as that the indictment does not set out the facts and circumstances of the offense. The motion was overruled. After the entry of the sentence a writ of error was sued out, and the transcript of the record and an assignment of errors were duly filed here on the second day of this term, and the caused was docketed.

A time was fixed within which the plaintiff in error was required to submit the cause, and his counsel notified. This time has long since passed, and nothing has been done by them. We are forced to conclude that they deem their errors not to be well assigned, and have abandoned the same. This being so, and the Attorney-General having submitted the cause a few days ago by an averment in writing that the indictment is in the language of the statute and sufficient; and a reading of the indictment and the statute upon

which it is founded, (the act of February 27th, 1883, Chapter 3462 of the laws), discovering no defect in it, we affirm the judgment.

The judgment is affirmed.