JOSEPH G. RUSSELL, PLAINTIFF IN ERROR, VS.
MATHEW R. MARKS, DEFENDANT IN ERROR.

### APPELLATE PRACTICE—VERDICT IN EJECTMENT.

1. On writ of error, where there is no bill of exceptions showing the testimony upon which instructions, given or refused, were predicated, the appellate court can not consider assignments of error based upon the giving or refusal of such instructions, except where a charge, given and excepted to, is patently irrelevant to the issues in the case and is calculated to mislead the jury.

2. In ejectment it is not necessary that the verdict should expressly declare the "defendant to be guilty;" but in such cases the verdict, if for the plaintiff, is sufficient when it finds in express terms that the plaintiff is entitled to the possession of the land in dispute, and describes the land by its numbers, or by its metes and bounds, or by any other sufficiently certain description by which it is known and can be identified; and finds the quantity of the plaintiff's estate therein.

Writ of error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*J. F. Welborne* for Plaintiff in Error.

*Massey & Willcox* for Defendant in Error.

TAYLOR, J.:

M. R. Marks, the defendant in error, recovered judgment in ejectment in the Circuit Court of Orange county against the plaintiff in error for a certain parcel of land located in that county. By writ of error it is brought here for review. The substance of the errors assigned are: 1st. The giving of certain instructions by the court to the jury, and the refusal of

the court to give certain instructions requested by the defendant; and, 2nd. That the verdict of the jury was not in the form provided by law, consequently, the court erred in not setting it aside and granting a new trial; and erred also in entering judgment thereon.

In the record brought here there is no bill of exceptions giving us the evidence, or any part thereof, adduced at the trial, upon which the instructions given were predicated, or upon which it was proposed to predicate those requested and refused. Under these circumstances, according to the rule long since established in numerous decisions of this court, we can not consider the assignments of error based upon the giving, or refusal to give instructions by the court. in the absence of the evidence in the cause upon which it was necessary to found those instructions. In the absence of that testimony, the presumptions are that the rulings of the court below were proper, and we must uphold them, upon that presumption. when there is nothing before us to indicate whether they were erroneous or not. Proctor vs. Hart, 5 Fla., 465; Burk vs. Clark, 8 Fla., 9; McKay vs. Friebele, *Ibid*, 21; Dibble vs. Truluck, 11 Fla., 135; Parsons & Hoeg vs. Baxter, 13 Fla., 580; Blige vs. State, 20 Fla., 742; Livingston vs. Cooper, 22 Fla., 292. To this rule there is but one exception, and that is where a charge, excepted to, is patently irrelevant to the issues in the case and is calculated to mislead the jury. Sammis vs. Wightman, 31 Fla., 10; which exception, however, does not obtain in this case.

The contention here, upon the second error assigned, is that the verdict of the jury was defective because it fails to find that "the defendant was guilty." There is no merit in this contention, or in the error assigned. Our statute—McClellan's Digest, Sections 4 and 5, p.

481, Revised Statutes, Section 1515—provides that the verdict and judgment in ejectment, if for the plaintiff, shall state the quantity of the estate of the plaintiff and shall describe the land by its metes and bounds, by the number of the lot, or by other certain description. The verdict rendered here complies with these requirements of the statute. It finds in express terms in favor of the plaintiff; that he is entitled to the possession of the land, that is accurately described therein by its government survey numbers; and that he has a fee simple estate therein. When these requirements of the statute are thus complied with by the verdict in such cases it is not necessary that it should go further and declare "the defendant to be guilty," &c.

Finding no error in the record, the judgment of the court below is affirmed.