34   19
34   24
34   19
46   227

HENRY BARTLEY, PLAINTIFF IN ERROR; VS. HARRIET E. BINGHAM, DEFENDANT IN ERROR.

1. A general appearance by the defendant in an action of ejectment cures all defects in the præcipe, the summons, the service thereof, and the statement required to be filed therewith.

2. A verdict as follows: "We, the jury, find for the plaintiff, and that she is entitled to recover from the defendant the following premises in fee simple," and describing the premises, is a sufficient finding of a right of possession of the plaintiff to the land described to authorize a judgment in her favor for the recovery of the same.

3. Slight variations in the verdict and judgment in the description of the land sued for, from the description stated in the præcipe and declaration, will not vitiate a judgment for possession of the same, where it appears with sufficient certainty that the lands are practically the same as those sued for.

4. A description of land in a pleading or in a judgment or writ, is sufficient if a surveyor can, by use of such description, locate the land.

5. A judgment for plaintiff in an action of ejectment should not be reversed because that porton of it awarding a writ to enforce the judgment may describe the writ in language not technically exact.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman* for Plaintiff in Error.

*J. R. Challen* for Defendant in Error.

Liddon, C. J.:

The defendant in error, the plaintiff in the court below, brought an action or ejectment against the plaintiff in error. The præcipe was filed May 22nd, 1888, and a summons was issued returnable to the rule day in June, 1888, at which time the defendant by his attorney entered his general appearance in the case. The declaration, in the usual statutory form, was filed to the rule day in June, 1888. Upon his failure to file any plea, demurrer or answer to the declaration, a default was entered against the defendant on the following rule day; and afterwards at a term of court held on June 19th, 1889, a jury was empannelled, a verdict rendered in favor of the plaintiff, and a final judgment rendered in favor of the plaintiff, from which the writ of error is taken.

Five assignments of error are made. The first is, that no rule day was named in the præcipe. A præcipe is a written direction to the proper officer to issue a writ. The record shows that a writ of summons did issue in the case, and properly stated the rule day to which it was returnable, and that defendant by his at-

torney properly entered his general appearance on that rule day. This general appearance cured all defects in the issuing and serving of the writ. The purpose of issuing and serving a writ is to give the court jurisdiction over the person of the defendant. The defendant having entered a general appearance in the case, the purpose of issuing and serving the writ is accomplished, and we can not thereafter question the validity of the præcipe for summons, the summons itself, or the service thereof. Baars & Downing vs. Gordon & Stamp, 21 Fla., 25; Smith vs. Bulkley, 15 Fla., 64; Pearce vs. Thackeray, 13 Fla., 574; Mercer vs. Booby, 6 Fla., 723; Wood & Co. vs. Bank, etc., 1 Fla., 378.

The second assignment is, that no description of the lands sued for was attached to the summons. This also was an irregularity which was cured by the general appearance of the defendant.

The fourth assignment is, that the verdict of the jury does not find that the plaintiff is entitled to the immediate possession of the land sued for. We do not think the word "immediate" need appear in the verdict. The verdict should have found, before judgment could have been entered upon the same, the right of possession of the plaintiff to the land sued for, and such right would of course be construed to be an immediate right. The verdict is as follows: "We, the jury, find for the plaintiff, and that she is entitled to recover from the defendant the following premises in fee simple," and describes the premises. We consider this statement fully equivalent to a statement that the plaintiff is entitled to the possession of the land described in the verdict, and the verdict, in this respect, is in sufficient form to authorize a judgment to be entered upon it. The verdict in the case of Asia vs.

Hiser, 22 Fla., 378, cited by counsel, was quite different from the verdict now under consideration. The jury in that case simply said: "We, the jurors in the case of Hiser vs. Asia, find the fee simple title in the plaintiffs to the lands described," etc. The verdict in that case did not say that the plaintiffs were "entitled to recover."

The third and fifth assignments of error relate to variances appearing in different portions of the pleadings in the description of the land sued for and recovered. The principal contention upon this subject is, that in the præcipe the eastern boundary of the land in question (the northeastern corner of which is shown to begin at a point in township 2 south, of range 27 east, in Duval county, upon the eastern line of the F. Richards mill grant, east of the head of Bryant's Creek) is said to have a variation of 5 east, while in the verdict and judgment, in describing the same boundary, the degree mark ° appears after the figure 5, making the variation five degrees, or 5°. This was probably added in correction of an error purely clerical. This eastern boundary line with which fault is found, is described twice in each the præcipe, declaration, verdict and judgment. Beside describing it by stating the place where it begins and the direction and distance which it runs, it is also described as running along the grant line, and further in stating the boundaries of the tract everywhere they are stated in the præcipe, the declaration, the verdict and the judgment, the eastern boundary is stated to be the eastern line of the F. Richards grant. This line is one appearing upon the public maps of the lands of the State and United States, and can be easily located. As to the fifth assignment as to the description of the land being uncertain, there is no doubt but that the description could be improved.

upon. The southern boundary would appear to be incorrectly stated. We think, however, that a surveyor, with the description given, could locate the land; and if this is true, the description is sufficient. Buesing vs. Forbes, 33 Fla., 495, 15 South. Rep., 209.

It is also alleged as error that the judgment directed a writ of ejectment, instead of a writ of *habere facias possessionem.* The writ itself, if any issued, is not brought up in the record so that we can see what it is. The technical name of the writ in an action of ejectment is not a writ of ejectment, although an ejectment in its ordinary definition of an expulsion or ouster of the defendant result from the writ. The purpose of a judgment was to have a judicial determination of the title and right of possession of the land sued for. This has been done in this case. It should not be reversed because it uses terms not technically exact in reference to the writ to be issued to enforce it. Nor should it be reversed even if it failed to award a writ of possession. Minkhart vs. Hankler, 19 Ill., 47. We think the judgment in this case sufficient to authorize a writ of possession. If a writ that is not authorized by law issues upon it, the proper remedy is by motion to quash the writ in the court below.

We see no error in the record. The judgment of the Circuit Court is affirmed.