WILL WRIGHT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Exceptions based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted.
2. Evidence examined and found sufficient to support the verdict.

Writ of Error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*William C. Hodges,* for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

CARTER, J.:

At a term of the Circuit Court of Leon county held in December, 1899, palintiff in error was tried and convicted upon an indictment found at the Fall term, 1897,

charging him with murder in the first degree, and from the death sentence imposed upon him, sued out this writ of error.

The homicide occured on Sunday night in October, 1897. C. W. Richardson, a witness for the State, testified that on Friday before the homicide the defendant and the deceased were working for him, and on that day he saw defendant pass hurriedly and go to the quarters; that when defendent came back witness asked him what was the matter and defendant replied that he had been having a fuss with deceased in the woods, and that he had got his pistol to bluff deceased so that he would leave him alone. There was no other reference in the State's testimony to the difficulty in the woods on Friday before the homicide between the defendant and the deceased.

The first witness introduced by the defendant was Horace Blount, and he was requested by defendant to "tell what occured in the woods between the defendant and the deceased on Friday before the killing on Sunday night, if you know," to which the witness replied, "well, I was there in the woods when—" Here the State Attorney objected to the matters so offered to be proven, upon the grounds that they were not material and that no predicate had been laid for their introduction. The objection was sustained and the defendant excepted. The defendant was then sworn as a witness in his own behalf and testified that he had trouble with the deceased in the woods on Friday before the killing on Sunday night; that deceased accused him of tearing up his basket, which he denied, whereupon deceased said "you are a damn liar, you did," and struck defendant over the head with a piece of lightwood two or three times, when Horace Blount caught his arm and

made him stop. He was proceeding to·testify as follows: "On Saturday night I went over to a woman's house and Smith" (the deceased) "was there and said—," when the State Attorney objected to the conversation so offered to be proven, because it was not material and because no predicate had been laid for its introduction, and the objection being sustained, the defendant excepted. These are the only exceptions taken to rulings as to the admissibility of evidence.

The first and second assignments of error relate to the propriety of the ruling denying defendant's motion for a new trial, the contention being that the verdict is contrary to the law and the evidence; the sixth and seventh have been abandoned, and will, therefore, not be considered; the third, fourth and fifth are as follows: Third, the court erred in not permitting the defendant to testify as to threats communicated to him as having been directed against him by the deceased on Saturday night before the killing on Sunday night; fourth, the court erred in not permitting the defendant to testify as to threats communicated to him as having been directed against him by the deceased at other times; fifth, the court erred in refusing to allow the testimony of Horace Blount to go to the jury as to what happened between the defendant and the deceased in the woods on Friday noon before the killing on Sunday night.

1. A careful consideration of the evidence adduced at the trial convinces us that the first and second assignments of error are not well taken. There was ample evidence to sustain the verdict for murder in the first degree. Under these assignments it is also contended that the verdict is defective in that it omits the expression "so say we all." If this objection is properly presented for our consideration, it is sufficient to say that

16

the verdict as recorded does contain the expression claimed to have been omitted, as an inspection of the record entries of the proceedings at the trial shows.

II. It does not appear from the exceptions taken during the trial, or elsewhere in the record before us, that the court declined to permit the defendant to testify to threats communicated to him as having been directed against him by the deceased on Saturday night before the killing on Sunday night, or at any other time, as claimed by the third and fourth assignments of error. The only exception taken during the examination of the defendant shows that defendant offered to state what the deceased said at a woman's house on Saturday night before the homicide, but he made no offer to prove that in such conversation, or at any other time, the deceased made threats against him. From the manner in which the exception was taken it is quite apparent that this court is not advised as to the nature of the particular testimony claimed to have been excluded under the State's objection, so that we can say that it was material and that the court erred in excluding it. Unless exceptions to the exclusion of evidence are so presented that we can see that the court has excluded testimony relevant and material, or otherwise proper to be admitted, we are not justified in reversing a judgment upon such exceptions. Boykin v. State, 40 Fla. 484, 24 South. Rep. 141.

III. The concluding remarks in the preceding paragraph of this opinion are applicable to the exception upon which the fifth assignment of error is based. If any of the particulars relating to what occured in the woods between the defendant and the deceased on Friday before the homicide were material or relevant, or otherwise proper to be admitted on behalf of the de-

Wright v. State.—Opinion of Court.

fendant, he should have offered to prove them, or at least have indicated to the court the nature of such particulars in order to show their relevancy, for that transaction was not a part of the *res gestae* of the offence of homicide. The fact that a difficulty between the parties occurred so recently before the homicide was competent evidence on behalf of the State, as tending to show malice on the part of the defendant, but we are unable to see from this record that the court erred in excluding evidence as to the particulars of that transaction, when there was nothing before the court at the time this offer was made to indicate the nature of those particulars so that it could be seen that the proposed evidence would be relevant and material.

Plaintiff in error contends that Richardson, the State's witness, had testified to matters occurring between the deceased and the defendant on Friday, and that as the State first offered evidence of that matter he had a right to do likewise, even though irrelevant. But he misapprehends the scope and effect of Richardson's testimony. This witness did not testify to the occurrence mentioned, but merely to a conversation with defendant in which the latter referred to what had happened in the woods on Friday. This would have justified defendant in offering evidence as to the conversation with Richardson, but not as to the particulars of transactions referred to in that conversation, unless such particulars were relevant to the issues on trial. It not being made to appear to us by the exception taken that the excluded testimony was of such a nature as to render it material or otherwise admissible in evidence, we can not reverse the judgment under this assignment of error.

The judgment of the Circuit Court is affirmed.