JOHN MITCHELL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A conviction for murder may be had upon the voluntary extrajudicial confession of the accused that he committed the same, where the corpus delicti is proved by other credible evidence, and the jury believe that such confession was made by the accused, and that it is true. Brown v. State, 44 Fla. ——, 32 South. Rep. 107, approved and followed.

2. It was perfectly competent and proper for the trial judge, in passing upon a motion for a new trial, to order the clerk to correct the minutes so as to make them speak the truth by showing that the accused was personally present in the court room when the motion and order for the special venire were made, especially so when said judge knew said fact to be true of his own personal knowledge, and so states.

3. The action of the trial judge in so amending his minutes as to have them speak the truth is binding and conclusive.

4. Evidence examined, and found sufficient to support the verdict.

Mitchell v. The State of Florida—Opinion of Court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the Court.

*W. O. Buttler* (with whom was Buell Cook on the brief), for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

SHACKLEFORD, J.

The plaintiff in error, hereinafter referred to as the defendant, at the Spring term, 1901, of the Circuit Court for Washington county, was indicted for murder in the first degree, and was tried, convicted of murder in the third degree and sentenced at the Spring term, 1902, of said court, and seeks a reversal by writ of error.

But two errors are assigned, the first of which is that the court erred in overruling defendant's motion for a new trial upon the grounds therein stated, which were to the effect that the verdict was contrary to the evidence, against the weight of the evidence and unsupported thereby, and that the motion for a special venire and the order of the court grantting same were made in the absence of the defendant from the court room. Other grounds were contained in said motion for a new trial, but they are not argued here, and, therefore, must be cosidered as abandoned.

The court has carefully considered all the evidence and

finds that there is ample testimony to prove the *corpus delicti;* that is, that the deceased, Frank Johnson, came to his death by the criminal agency of another. The dead body was found shortly after death had ensued, for it was still warm, and the proof shows that deceased came to his death from a pistol-shot wound inflicted by another. The testimony further shows that on the night the deceased came to his death, within a very short time after certain shots had been heard in the vicinity of where the deceased had been shown to be on the night in question, the defendant came up with a rifle to the house of William Edwards and made a statement of his own volition to the effect that he had killed the deceased, Frank Johnson, and that the gun he had with him was the rifle of deceased which he, the defendant, had taken from deceased after he was shot down. Two witnesses testified to this confession by the defendant and the testimony of said witnesses was not contradicted. The jury evidently believed that the defendant made said confession, and that it was true. They have acted upon it by finding that the defendant was guilty of murder in the third degree, and the verdict has been approved by the Circuit Judge. We approve the dotrine laid down in Brown v. State, 44 Fla. , 32 South. Rep. 107, to the effect that "a conviction for murder may be had upon the voluntary extra-judicia! confession of the accused that he committed the crime, where the *corpus delicti* is proven by other credible evidence, and the jury believe that such confession was made by the accused, and that it is true." Also see Gantling v. State, 41 Fla. 587, 26 South. Rep. 737. There is nothing whatever before us to show that the jury were improperly influenced by considerations outside the evidence; indeed, it is not so contended here,

and, following the long established rule of this court, we must refuse to disturb the verdict of the jury. Browning v. State, 41 Fla. 271, 26 South. Rep. 639, and authorities there cited.

In considering the grounds of said motion to the effect that the defendant was absent from the court room at the time that the motion and order for the special venire were made, it is sufficient to say that it appears from the bill of exceptions that the trial judge, at the time of passing upon the said motion for a new trial, stated that he knew of his own personal knowledge that the defendant was personally present in court when the said motion was made and granted, and thereupon directed the clerk to make the minutes so show. It was perfectly competent and proper for said judge to order the clerk to correct the minutes so as to make them speak the truth. Ammons v. State, 9 Fla. 530; Brown v. State, 29 Fla. 494, 11 South. Rep. 181; Olive v. State, 34 Fla. 203, 15 South. Rep. 925; Rodriquez v. State, 32 Tex. Crim. App. 259, 22 S. W. Rep. 978; Kaufman v. Shain, 111 Cal. 16, 43 Pac. Rep. 393, S. C. 52 Am. St. Rep. 139; 16 Ency. Pl. & Pr., 29. This action of the trial judge is conclusive and binding. It therefore follows that no error was committed in the overruling of the motion for a new trial. This makes it unnecessary for us to determine what the effect would have been had the defendant been absent from the court room at the time the motion and order for the special venire were made. Lane v. State, 44 Fla.    , 32 South. Rep. 896.

We are of the opinion that the verdict is sustained by the evidence, and, finding no error in the record, the judgment of the court below is affirmed.