JOHN HOODLESS, *Plaintiff in Error*, v. W. L. JERNIGAN, *Defendant in Error.*

1. A party who objects to evidence or the competency of witnesses should state *specifically* the grounds of his objections, in order to apprise the court and his adversary of the precise objection he intends to make. General objections to evidence proposed, without stating the precise ground of objections, are vague and nugatory, and are without weight before an appellate court, un-less the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances, when a general objection thereto is sufficient.

2. This court can not consider any objections to the admissibility of evidence, except such objections as were made in the court below, the plaintiff in error being confined to the specific ob-jections made in the trial court.

3. In actions at law the party objecting to the introduction of evi-dence must not only state specifically the grounds of his ob-jections thereto, seasonably except to the ruling of the court thereon, and base his assignment of error upon the objections as made in the court below and upon the ruling thereon, but must argue the assignment as made, in this court.

4. The only exception to the rule that errors not assigned or not argued will not be considered by this court is where a jurisdic-tional or other fundamental error is apparent on the face of the record itself.

5. Where a document is offered in its entirety and in its entirety is objected to upon the ground that a portion of it is inadmissible, and that in a general way, such objection should be overruled.

| | |
|---|---|
| 46 | 213 |
| 47 | 11 |
| 47 | 47 |
| e47 | 54 |
| 47 | 73 |
| 47 | 74 |
| 47 | 101 |
| 47 | 135 |
| 47 | 140 |
| 47 | 197 |
| e47 | 214 |
| 47 | 215 |
| 48 | 56 |
| 48 | 58 |
| 49 | 6 |
| 46 | 213 |
| f50 | 8 |
| 50 | 238 |
| 50 | 239 |
| 50 | 240 |
| 50 | 417 |
| f50 | 460 |
| 50 | 511 |
| 50 | 518 |
| 51 | 114 |
| 51 | 115 |
| 51 | 116 |
| s51 | 213 |
| s51 | 214 |
| 51 | 217 |
| f51 | 304 |
| 51 | 339 |
| 51 | 363 |
| 46 | 213 |
| f52 | 48 |
| 52 | 173 |
| f52 | 482 |
| 46 | 213 |
| 53 | 440 |
| f53 | 469 |
| 54 | 103 |
| 54 | 187 |
| f54 | 241 |
| 55 | 66 |
| 55 | 111 |
| 46 | 213 |
| 56 | 90 |
| f 56 | 141 |
| 56 | 350 |
| 56 | 697 |
| f57 | 128 |
| 46 | 213 |
| 58 | 119 |
| 58 | 343 |
| f60 | 129 |
| f60 | 130 |

6. The evidentiary and ordinary bills of exceptions must be made up separate and distinct from each other, and each must be sufficient and complete in itself to review the errors designed to be presented, and a reference by the court from one to the other is not permissible, to aid defects in either.

7. The duty devolves upon the plaintiff in error or his counsel upon resort to an appellate court to make the errors complained of clearly to appear, if they in truth exist, by a proper record of *all the facts and circumstances* pertinent to, and connected with, such alleged error, and in exhibiting them the duty likewise devolves upon him to exhibit all such facts and circumstances fairly and truly.

8. The rules contemplate that in making up bills of exceptions based upon the admission or rejection of evidence, where the evidence admitted or rejected, forming the subject of the exception, does not in and of itself show upon its face its pertinency and relevancy to the issue being tried, and there is other evidence either admitted, or proffered and rejected, that will connect it with the case and show its relevance or pertinence, such other connecting evidence should be set forth in the bill of exceptions so as to enable the appellate court fully and fairly to pass upon the propriety or impropriety of the admission or rejection thereof.

9. This court has repeatedly and uniformly held that the office of a bill of exceptions is to give the facts on which the court decided; and should give all the facts bearing upon the decision, so that the appellate court may know fully and clearly everything which influenced the decision of the court. Our new rules make no change in this requirement, but simply provide in actions at law, except criminal actions, for both an ordinary and evidentiary bill of exceptions, when necessary, and prescribe what each bill should contain and how said bills should be made up.

10. Where the error complained of is based upon an instruction given to the jury or the refusal to give a requested instruction, then the plaintiff in error should have recited in the ordinary bill of exceptions a statement of the evidence, or what the evidence tended to prove, in connection with the instruction given or refused predicated on such evidence, in compliance with the requirements of Special Rule 3.

11. The appellate court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed.

12. Errors assigned and not argued will be treated as abandoned. It is not sufficient merely to repeat the error assigned and state that in the opinion of counsel this constitutes error or that an inspection of the evidence, or instructions, or of the record, will show it to be error. Unless the error complained of is so glaring or patent that no argument is needed to demonstrate it, counsel must call the attention of this court to the specific grounds upon which the error is based, stating his reasons therefor and citing authorities in support thereof, and, where reference to the record is necessary should give the pages thereof.

13. Section 1109 of Revised Statutes of 1892 makes copies of the records and judicial proceedings of any court in this State admissible in evidence in all cases in this State, when authenticated by the attestation of the officer having charge of the records of said court, with the seal of such court annexed. Under this statute certified copies of the minutes of any court of record in this State would be admissible in evidence.

14. While it is true that if the description of the land conveyed in a deed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient and the deed will be sustained, if it is possible, from the whole description, to ascertain and identify the land intended to be conveyed, it is also true that the description of the premises conveyed must be sufficiently definite and certain to enable the land to be identified; otherwise it will be held void for uncertainty.

15. Section 1515 of Revised Statutes of 1892 requires that in an action of ejectment a verdict for the plaintiff shall state the quantity of the estate of the plaintiff and describe the land by its metes and bounds, by the number of the lot or other certain description. A verdict which fails to find and state the quantity of the estate of the plaintiff is fatally defective.

16. Section 1515 of Revised Statutes of 1892 requires that the judgment in an action of ejectment shall state the quantity of the estate, and give a description of the land recovered. A judgment is fatally defective which lacks both of these requirements.

17. The judgment in action of ejectment should follow the verdict as a matter of course, and where the verdict is fatally defective it is error to enter a judgment thereon.

This case was decided by Division A.

Writ of error to the Circuit Court for Santa Rosa county.

The facts in the case are stated in the opinion of the court.

*Ernest Amos* for plaintiff in error.

*A. G. Campbell* for defendant in error.

SHACKLEFORD, J.—W. L. Jernigan brought an action of ejectment in the Circuit Court of Santa Rosa county against John Hoodless for the recovery of a tract of land lying in said county described as the South half of Lot 2, in Section 2, Township 1 North, Range 28 West, containing about forty acres, and for mesne profits. The defendant pleaded not guilty and trial was had, which resulted in the following verdict being rendered by the jury in favor of the plaintiff October 7, 1901. "We the jury find that the plaintiff is entitled to the lands in dispute, to-wit: S. ½ of Lot 2, Tp. 1 N., R. 28 West, containing 40 acres, more or less, and assess plaintiff's damages at $25.00."

Upon said verdict the following judgment was entered by the court October 11, 1901: "Therefore, it is considered by the court that the plaintiff do have possession of said land as described and that he do have and recover of and from the said defendant the said sum of twenty-five dollars as his damages and the further sum of $33.13 as his costs in his behalf expended in and about this suit and that he do have execution and writ of possession therefor."

The defendant below, who is plaintiff in error here, seeks reversal by writ of error and has assigned six errors.

The first assignment is that "the court erred in admitting the certified copies of the minutes of the court reestablishing the execution under which the land in question was sold to Woods under which sale plaintiff deraigned."

The ordinary bill of exceptions discloses that the plain-

tiff offered in evidence as an entirety certified copies of the minutes of said court containing copies of judgments recovered in said court by Joseph Gundersheimer and Louis Shields, partners under name and style of J. Gundersheimer & Co., as plaintiffs, and by Abram Forsheimer and Gerson Forsheimer, partners under firm name and style of A. & G. Forsheimer, as plaintiffs, against William L. Crigler, George F. C. Batchelder, Thomas Murry and John C. Pooley, partners under firm name and style of Crigler, Batchelder and Pooley, as defendants, copies of the executions issued on said judgments and copies of orders made by Hon. Homer G. Planz, then Judge of said court, on the 13th day of October, A. D. 1870, in open court, reciting therein the loss of said original judgments and executions by fire and ordering that said copies be established in lieu thereof, and that plaintiffs have the same rights thereunder as they would have had under the originals. The only objections interposed by defendant to the introduction of the certified copy of said minutes in evidence were "because they are not the executions under which the lands were sold," and "because they are only copies of the minutes of the court re-establishing the judgments and executions."

As said by this court in *Carter v. Bennett,* 4 Fla. 283, text 338, quoting with approval the Supreme Court of New York as being in perfect agreement with the Supreme Court of the United States, "a party who objects to evidence or the competency of witnesses should state specifically the grounds of his objections. It is not sufficient to object generally that the evidence is illegal, or the witness is incompetent; but the party objecting must put his finger upon the very point, to apprise the court and his adversary of the precise objection he intends to make." Also see *Gladden v. State,* 12 Fla. 562; *Withers v. Sandlin,* 36 Fla. 619, text 622, 18 South. Rep. 856; *Edwards v. State,* 39 Fla. 753, 23 South. Rep. 537; *Kirby v. State,* 44 Fla. 81, 32 South. Rep. 836. No objection can be urged in the appellate court to

the evidence given in the court below, except as to its sufficiency, unless objection was there made when it was received. *Tuten v. Gazan,* 18 Fla. 751; *Johnston v. State,* 29 Fla. 558, 10 South. Rep. 686; *McSwain v. Howell,* 29 Fla. 248, 10 South. Rep. 588; *Summerlin v. Thompson,* 31 Fla. 369, 12 South. Rep. 667; *Burlington Ins. Co. v. Miller,* 8 C. C. A., 612, 60 Fed. Rep. 254, where the reason for the rule is very forcibly stated by Judge THAYER; 1 Thompson on Trials, sec. 693.

We can not consider any objections to the admissibility of evidence, except such objections as were made in the court below, the plaintiff in error being confined here to the specific objections made in the trial court. *Jacksonville T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co.,* 27 Fla. 1, 9 South. Rep. 661; *Summer v. Mitchell,* 29 Fla. 179, 10 South. Rep. 562; *Sullivan v. Richardson,* 33 Fla. 1, text 112, 14 South. Rep. 692; *Camp v. Hall,* 39 Fla. 535, text 570, 22 South. Rep. 792; *Florida Cent. & P. R. Co. v. Foxworth,* 41 Fla. 1, 25 South. Rep. 338; *Wallace v. State,* 41 Fla. 547, text 572, 26 South. Rep. 713; *Brown v. State,* 44 Fla. 28, 32 South. Rep. 107; *Lawrence v. State,* 45 Fla. 42, 34 South. Rep. 87; *Ferrell v. State,* 45 Fla. 26, 34 South. Rep. 220; *Brown v. State,* 46 Fla. 159, 35 South. Rep. 82; 8 Ency. Pl. & Pr. 223; Abbott's Trial Brief, Civil Jury Trials (2nd ed.), 242; 1 Thompson on Trials, secs. 693, 698, 843. In actions at law the party objecting to the introduction of evidence must not only state specifically the grounds of his objections thereto, as set forth above, seasonably except thereto, and base his assignment of error upon the objections as made in the court below and upon the ruling thereon, but must argue the assignment as made in this court. *Dell v. Marvin,* 41 Fla. 221, 26 South. Rep. 188. Other authorities will be cited upon this point later on in this opinion. The only exception to the rule that errors not assigned or not argued will not be considered by this court is where a jurisdictional or other fundamental error

is apparent on the face of the record itself. *Parker v. Dekle,* 46 Fla. *supra,* 35 South. Rep. 4.

Considering this assignment in the light of these authorities, what have we before us? At a glance, it is seen that there is a variance between the objections made in the court below and the error as assigned. The assignment admits that the certified copy of the minutes contains a copy of the executions as re-established under which the sale was made. The sole question presented then and argued here is, did the court below err in admitting the certified copy of said minutes re-establishing said executions? No assault was made in the court below or is attempted to be made here upon the correctness of said judgments and executions, upon the orders re-establishing same or the authentication of same. It must also be remembered that said minutes were offered as an entirety and the only error complained of here is as to their admission in evidence because they contained copies of the executions as re-established. It is, therefore, tacitly conceded by plaintiff in error that said minutes were properly admitted so far as the judgments and orders of re-establishment are concerned. It is further conceded that the lands were sold under the executions as re-established. This court has decided that where part of a witness' answer to a question is admissible and part inadmissible, a motion to strike such answer is properly refused unless it is confined specifically to the inadmissible part of such answer. *Higginbotham v. State,* 42 Fla. 573, 29 South. Rep. 410; *Johns v. State,* 46 Fla. 153, 35 South. Rep. 71; *Fields v. State,* 46 Fla. 84, 35 South. Rep. 185. This being true, we are of the opinion that where a document is offered in its entirety, as was the certified copy of the minutes in this case, and in its entirety is objected to upon the ground that a portion of it is inadmissible, and that, in a general way, no error was committed by the court in overruling the objection. *Engelke & Feiner M. Co. v. Grunthal,* 46 Fla. *supra,* 35 South. Rep. 17; *New York, T. & M. Ry. Co. v.*

*Gallaher,* 79 Texas, 685, 15 S. W. Rep. 694; *Milligan v. Sligh Lumber Co.,* 111 Mich., 629, 70 N. W. Rep. 133; *Mock v. City of Muncie,* 9 Ind. App. 536, 37 N. E. Rep. 281; *McGuffey v. McClain,* 130 Ind. 327, 30. N. E. Rep. 296; *Badders v. Davis,* 88 Ala. 367, 6 South. Rep. 834; Abbott's Trial Brief, Civil Jury Trials (2nd ed.) 243; 8 Ency. Pl. & Pr. 218; 1 Thompson on Trials, secs. 696, 843.

In the consideration of this assignment it should be borne in mind, as was said by this court in *Allen v. Lewis,* 38 Fla. 115, 20 South. Rep. 821, that "the evidentiary and ordinary bills of exceptions must be made up separate and distinct from each other, and each must be sufficient and complete in itself to review the errors designed to be presented, and a reference from one to the other is not permissible." In *Jacksonville St. R. Co. v. Walton,* 42 Fla. 54, 28 South. Rep. 59, it was said that "the duty devolves upon the plaintiff in error or his counsel upon resort to an appellate court to make the errors complained of clearly to appear, if they in truth exist, by a proper record of all the facts *and circumstances* pertinent to, and connected with, such alleged error, but in exhibiting them the duty likewise devolves upon him to exhibit all such facts and circumstances fairly and truly."  Also in the sixth headnote it was said that "the rules contemplate that in making up bills of exception based upon the admission or rejection of evidence, where the evidence admitted or rejected forming the subject of the exception does not in and of itself show upon its face its pertinency and relevancy to the issue being tried, and there is other evidence either admitted, or proffered and rejected, that will connect it with the case and show its relevance and pertinence, such other evidence should be set forth in the bill of exceptions so as to enable the appellate court fully and fairly to pass upon the propriety or impropriety of the admission or rejection thereof." Also see Special Rule 3, and *Volusia County Bank v. Bigelow,* 45 Fla. 638, 33 South. Rep. 704.  As we have seen,

being confined to the ordinary bill of exceptions, we can consider only what it presents. We find that it fails to state at what stage of the proofs the evidence was offered and admitted over the defendant's objections, which forms the basis of this assignment. Neither are we informed for what purpose the same was offered. We are left entirely in the dark as to whether or not the plaintiff based his title to the land in controversy upon a sheriff's sale founded upon the judgments and executions, copies of which are set forth in the certified copy of the minutes offered and admitted in evidence, other than a mere statement to that effect in the assignment of error. What evidence was offered and admitted, either prior or subsequent to the admission of the certified copy of said minutes, we are not advised. For aught that we can tell the executions themselves as re-established, with the sheriff's return thereon, may have been offered and received in evidence. As we have already seen, the assignment itself admits that the certified copy of the minutes which was introducted in evidence contains copies of the executions under which the sale of the lands was made. The only argument made by plaintiff in error upon this assignment is that "there was no proof of the loss or destruction of the re-established executions, and we contend that the executions, as re-established, under which the sale actually took place should have been produced," and *Hartley v. Ferrell,* 9 Fla. 374, is cited in support of this contention. We fail to see what applicability this argument has to this assignment, or what bearing this cited case has thereon. It is true that before a sheriff's deed is admissible in evidence for the purpose of proving title thereunder the execution under which the sale was made must be produced, as held in *Hartley v. Ferrell, supra,* and, as held in *Clem v. Mesrole,* 44 Fla. 234, 32 South. Rep. 815, a valid judgment must also be shown as well as the execution. However, the only question presented by this assignment is whether the court below erred in admitting in evidence over the objec-

tions *as made* the certified copy of the minutes. Section 1390 of Revised Statutes of 1892, originally forming section 60 of "An act regulating judicial proceedings," passed Nov. 21, 1828, and all the substantial provisions of which have been in force in this State ever since said enactment, requires the clerk of every Circuit Court to "keep minute books, in which he shall keep regular and fair minutes of all the proceedings of the Circuit Court and of the judge, in term or vacation, which shall be signed by the judge before the adjournment of each term." Under this statute we are of the opinion that the judgments and executions so re-established, together with the orders of the court thereon, were properly entered and recorded by the clerk in the minute book. Section 1109 of Revised Statutes of 1892 makes copies of the records and judicial proceedings of any court in this State admissible in evidence in all cases in this State, when authenticated by the attestation of the officer having charge of the records of said court, with the seal of such court annexed. See *Bell v. Kendrick,* 25 Fla. 778, 6 South. Rep. 868; and authorities cited therein; *Johnson v. Wakulla County,* 28 Fla. 720; 9 South. Rep. 690; *Doe ex dem. Magruder v. Roe,* 13 Fla. 602. The court did not err in overruling the objections as made, and the assignment is without merit.

Whether the plaintiff, in addition to the certified copy of the minutes, should have gone further and introduced the executions themselves under which the sale was made, together with the sheriff's return thereon, or else have satisfactorily accounted for the absence of said executions, as by proof of their loss or destruction, we do not decide, because that question is not before us for consideration upon this assignment. As previously said, so far as we are advised, such additional proof may have been adduced.

The second assignment is that "the court erred in sustaining plaintiff's objection to the introduction of the deed

from John Woods and Sarah Woods to Mrs. Margaret E. McCarter, offered in evidence by defendant."

Turning to the ordinary bill of exceptions, we find that the objections offered by plaintiff to the introduction of said deed were "that the description of the land intended to be conveyed by the said deed is vague, indefinite and uncertain and is no description, because the property can not be located under the calls of the deed; because the description in said deed is to land in another lot than that in controversy."

While it is true, as held by this court in *Campbell v. Carruth*, 32 Fla. 264, 13 South. Rep. 432, that "if the description of the land conveyed in a deed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient and the deed will be sustained, if it is possible, from the whole description, to ascertain, and identify the land intended to be conveyed," it is also true that the description of the premises conveyed must be sufficiently definite and certain to enable the land to be identified; otherwise it will be void for uncertainty. See *Commyns v. Latimer*, 2 Fla. 71; *Bellamy v. Bellamy*, 6 Fla. 62; 2 Devlin on Deeds (2nd. ed.), sec. 1010, and numerous authorities cited in note. Also see *Buesing v. Forbes*, 33 Fla. 495, 15 South. Rep. 209. A careful examination of the deed in question discloses that the description therein is so vague and indefinite that a surveyor would not be able to locate the land therein attempted to be conveyed. We are further of the opinion that the attempted description is a nullity, and, therefore, no land was conveyed thereby. No error was committed by the court in excluding it.

The third assignment is based upon the exclusion of a deed from John Woods and Sarah Woods to Sarah Greene, offered in evidence by defendant. The same objections were interposed by plaintiff as to the introduction of the preceding deed, and, in addition thereto, that said deed was not prop-

erly acknowledged. We are of the opinion that the description in this deed is equally as defective as that in the preceding deed, the exclusion of which formed the basis for the second assignment of error; therefore no error was committed by the court in excluding it.

The fourth assignment is that "the court erred in ruling that the possession of defendant as tenant at will or sufferance was not sufficient to establsh adverse possession in defendant's landlord as against the title of plaintiff." We are not informed as to the circumstances under which this ruling was made, whether upon some point of evidence or in giving or refusing to give instructions to the jury. All that is disclosed by the ordinary bill of exceptions is that such a ruling was made by the court and excepted to by defendant. See *Allen v. Lewis, supra,* and *Jacksonville St. R. Co. v. Walton, supra.* None of the instructions given by the court to the jury are set forth either in the record proper or in the ordinary bill of exceptions. If the error complained of is based upon an instruction given to the jury, then the plaintiff in error should have recited in the ordinary bill of exceptions a statement of the evidence, or what the evidence tended to prove, in connection with the charge predicated on such evidence. See *Jacksonville St, R. Co. v. Walton, supra,* and Special Rule 3. The appellate court, equally with suitors is bound by its rules, and they must be construed as statutes would be construed. *Merchants' Nat.Bank of Jacksonville v. Grunthal,* 39 Fla. 388, 22 South. Rep. 685.

In this court it has been held repeatedly that "the office of a bill of exceptions is to give the facts on which the court decided; and should give all the facts bearing upon the decision, so that the appellate court may know fully and clearly everything which influenced the decision of the court." *Horn v. Gartmen,* 1 Fla. 63; *Proctor v. Hart,* 5 Fla. 465; *Bailey v. Clark,* 6 Fla. 516; *Waterson v. Seat,* 10 Fla. 326; *Dibble v. Truluck,* 11 Fla. 135; *Boykin v. State,*

40 Fla. 484, 24 South. Rep. 141; *Wright v. State,* 42 Fla. 239, 27 South. Rep. 863; *Florida Cent. & P. R. Co. v. Seymour,* 44 Fla. 557, 33 South. Rep. 424. This is required both in common law and criminal actions. Our new rules make no change in this requirement, but simply provide in actions at law, except criminal actions, for both an ordinary and evidentiary bill of exceptions, when necessary, and prescribe what each bill should contain and how said bills should be made up. We can not declare upon the showing made to us that any error was committed by the court in making such ruling. The assignment is so vague and general that it is difficult to tell what is meant by it, and we are not enlightened upon this point by the brief of plaintiff in error. We may well refuse to consider it further than to say we find no reversible error in it. *Hodge v. State,* 26 Fla. 11, 7 South. Rep. 593; *Newberry v. State,* 26 Fla. 334, text 342, 8 South. Rep. 445; *Gantling v. State,* 40 Fla. 237, text 246, 23 South. Rep. 857.

The fifth assignment is that "the court refused to give affirmative charge requested by the defendant to return a verdict in favor of defendant."

No statement is given in the ordinary bill of exceptions of the facts established by the evidence upon which the said requested charge was predicated. See *Jacksonville St. R. Co. v. Walton, supra,* and Special Rule 3. The only argument made by plaintiff in error in support of this assignment is to repeat it in substance and say that the charge should have been given. This is equivalent to an abandonment of said assignment, and hence it must be deemed and treated as abandoned, and need not be considered by us. This court has so often decided that errors not argued will be treated as abandoned and not considered that we are finding it a little monotonous to repeat the ruling. See the following cases: *Southern Express Co. v. Van Meter,* 17 Fla. 783; *Bird v. State,* 18 Fla. 493; *Meinhardt Bros. & Co. v. Mode,* 22 Fla. 279; *Jordan v. Sayre,* 24 Fla. 1, 3

46 Fla.—9

South. Rep. 329; *Hodge v. State,* 26 Fla. 11, 7 South. Rep. 593; *Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land Transp. & Manuf'g Co.,* 27 Fla. 1, 9 South. Rep. 661; *Lake v. Hancock,* 29 Fla. 336, 11 South. Rep. 97; *Johnson v. State,* 29 Fla. 558, 10 South. Rep. 686; *Blount v. State,* 30 Fla. 287, 11 South. Rep. 547; *McCall v. State,* 31 Fla. 218, 12 South. Rep. 845; *Albritton v. State,* 32 Fla. 358, 13 South. Rep. 955; *Everett v. State,* 33 Fla. 661, 15 South. Rep. 543; *Clarke v. Southern Express Co.,* 33 Fla. 617, 15 South. Rep. 252; *Jacksonville, T. & K. W. Ry. Co. v. Griffin,* 33 Fla. 602, 15 South. Rep. 336; *Armstrong, Cator & Co. v. Glenn,* 34 Fla. 387, 16 South. Rep. 279; *Hayes v. Todd,* 34 Fla. 233, 15 South. Rep. 752; *Lambright v. State,* 34 Fla. 564, 16 South. Rep. 582; *Thomas v. State,* 36 Fla. 109, 18 South. Rep. 331; *Wall v. Shelley,* 36 Fla. 357, 18 South. Rep. 856; *Charles v. State,* 36 Fla. 691, 18 South. Rep. 369; *Camp Bros. v. Hall,* 39 Fla. 535, 22 South. Rep. 792; *Porter v. Parslow,* 39 Fla. 50, 21 South. Rep. 574; *Maloy v. State,* 39 Fla. 432, 22 South. Rep. 719; *Holland v. State,* 39 Fla. 178, 22 South. Rep. 298; *Mercer v. State,* 40 Fla. 216, 24 South. Rep. 154; *Waldron v. State,* 41 Fla. 265, 26 South. Rep. 701; *Mitchell v. State,* 43 Fla. 188, 30 South. Rep. 803; *Little v. Bradley,* 43 Fla. 402, 31 South. Rep. 342; *Rawls v. Tallahassee Hotel Co.,* 43 Fla. 288, 31 South. Rep. 237; *Southerland v. Sandlin,* 44 Fla. 332, 32 South. Rep. 786; *Mitchell v. State,* 45 Fla. 76, 33 South. Rep. 1009; *Mathis v. State,* 45 Fla. 46, 34 South. Rep. 287; *Williams v. State,* 45 Fla. 128, 34 South. Rep. 279; *McDonald v. State,* 46 Fla. 149, 35 South. Rep. 72; *Fields v. State,* 46 Fla. 84, 35 South. Rep. 185. It can not be said that this error is so glaring as not to require argument to demonstrate it. *Porter v. Parslow, supra.*

The sixth and last error assigned is that the court erred in denying defendant's motion for a new trial. Turning to the ordinary bill of exceptions, wherein said motion is set forth, we find that in disposing of the other errors

Hoodless v. Jernigan.—Opinion of Court.

assigned we have already considered all the grounds of said motion, except the first two, which are to the effect that the verdict of the jury was contrary to law, and also that said verdict was contrary to the evidence. As already stated, none of the instructions given to the jury are set forth either in the record proper or in the ordinary bill of exceptions, and no assignments are based thereon, unless it be the fifth which we have already discussed, therefore, we must presume that the instructions as given stated the law correctly.

However, the verdict shows upon its face that it is contrary to law, in that it fails to find and state the quantity of the estate of the plaintiff, which is required by section 1515 of the Revised Statutes of 1892, which reads as follows: "1515. Verdict and judgment for plaintiff—Verdict.—A verdict for the plaintiff shall state the quantity of the estate of the plaintiff and describe the land by its metes and bounds, by the number of the lot or other certain description. 2. Judgment.—The judgment awarding possession shall in like manner state the quantity of the estate, and give a description of the land recovered."

That the verdict was defective in failing to find and state the quantity of the estate, see *Lungren v. Brownlie,* 22 Fla. 491; *Elizabethport Cordage Co. v. Whitlock,* 37 Fla. 190, 20 South. Rep. 255; *Russell v. Marks,* 32 Fla. 456, 14 South. Rep. 40; *Bartley v. Bingham,* 34 Fla. 19, 15 South. Rep. 592; *Asia v. Hiser,* 22 Fla. 378. See, also, *Low v. Settle,* 22 West Va. 382.

We also call attention to the fact that the verdict failed to describe the land. It is true there is an attempted description of the land in the verdict, but the number of the section in which the land was situated is entirely omitted therefrom. Undoubtedly this was a clerical error, and one not likely to occurr again in drafting a verdict for the plaintiff if he should succeed upon another trial. For this reason it does not seem necessary now to determine whether this defect alone in the verdict would constitute reversible

error. The safer practice, however, unquestionably would be to describe the land fully in the verdict in accordance with the requirements of the statute.

As we have already seen, said statute also requires that the judgment shall in like manner state the quantity of the estate, and give a description of the land recovered. The judgment entered in this case is defective in both of these requirements. In addition to the authorities cited *supra*, see *Neal v. Spooner*, 20 Flà. 38.

It is elementary that the judgment in the action of ejectment should follow the verdict as a matter of course. See *Neal v. Spencer*, *supra*, and 7 Ency. Pl. & Pr. 349.

For the reason stated the verdict can not be sustained, and it was error to enter a judgment thereon.

The court should have granted the motion for a new trial, and the refusal so to do constitutes reversible error. It is neither advisable nor proper for us to express any opinion upon the evidence. It follows that, for the error found, the judgment must be reversed and a new trial awarded, and it is so ordered, at the cost of the defendant in error.

TAYLOR, C. J., and HOCKER, J., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.